## THE CITY OF ATLANTA *vs.* THE GATE CITY STREET RAILROAD COMPANY.

1. The finance committee of the general council of Atlanta made the following report, which was adopted: "The finance committee report in favor of exempting the road, rolling and live-stock of the Gate City Street railroad from taxation by the city of Atlanta for ten years, commencing with January 1st, 1882. The finance committee report further, that the said Street Railroad Company named above shall macadamize their track and three feet on each side, and keep it in good order, to conform to the streets as it is, or to the grade when given, and otherwise to comply with ordinances now of force or that may hereafter be adopted relative to the Atlanta Street Railroad Company, or of the said Gate City Company.

*Held,* that the street railroad company was required to comply with such ordinances as were then of force in the city of Atlanta, and such as might thereafter be adopted in relation to paving its track or three feet on each side thereof; and it was error to hold that, if the company macadamized its track and three feet on each side of it and kept it in good order, the city could not require such company to further pave its track and three feet on each side thereof with rubble-stone.

2. The provision in the act of September 3, 1887, establishing a new charter for the city of Atlanta, that " any street railroad, having tracks running through the streets of said city, shall be required to macadamize or otherwise pave, as the commissioners of streets and sewers may direct, the width of its track, and for three feet on each side of every line of track now in use, or that may hereafter be constructed by such company," is not inconsistent with anything contained in the title of the act, but is germane thereto. Nor is it a different subject-matter from that contemplated by the title, and therefore unconstitutional.

(a) While the city may exercise its legislative discretion as to when the improvement shall be made and the material with which it may be made, yet if this power be exercised in an arbitrary manner and without sufficient reason, in a proper case, the jury may consider the necessity for the improvement or its unreasonableness, or whether the improvement is to be made out of such costly materials as may result to the great injury of the citizens owning property along the street.

November 1, 1887.

Municipal corporations.  Streets and sidewalks.  Street railroads.  Laws.  Constitutional law.  Before Judge

RICHARD H. CLARK. Fulton superior court. March term, 1887.

The following material portions of the bill and answer will aid to a correct understanding of 'the decision:

Complainant's railway was built during the summer and fall of 1881, under the supervision of the city engineer and street committee, and was macadamized according to a city ordinance. When the city decided to pave Wheat street with rubble-stone, the authorities threatened to tear up the track of the company to make room for the paving; this would have stopped defendant's business; so it took up the macadam and paved inside the track with rubble-stone, which, together with making the change of grade necessitated by the work, was very expensive. The change in paving did not enhance the property of the company, nor increase its business, nor benefit it. The macadam was superior to rubble paving, which was not properly and smoothly put down. The company has never owned any real estate fronting on Wheat street, or any property thereon, except the easements in its track. The act of 1881, amending the charter of the city, does not confer any power to assess street railways for any part of cost of paving streets; no other real estate except such as fronts or abuts on such streets can, under that act, be assessed for that purpose.

The following allegations are made in the answer: The laws and ordinances were complied with in paving the street with rubble-stone. The complainant paved between its track as required, but refused to pave three feet on either side. The macadam is not better than rubble-stone, and the city authorities, in the exercise of their discretion, determined upon the latter for paving Wheat street. The ordinance for paving with rubble-stone was adopted February 5th, 1884. Under the permission granted by the city to construct its track on Wheat street, the company was required to macadamize within and for three feet on

each side of it, and to keep it in good order; also to comply with the ordinances then of force, or that might after be adopted, relative to the company.

J. B. GOODWIN and J. T. PENDLETON, for plaintiff in error.

REED, REINHARDT & O'NEILL, contra.

BLANDFORD, Justice.

The mayor and general council of the city of At-lanta passed an ordinance requiring Wheat street to be paved with rubble-stone, and notified the Gate City Street Railroad Company, whose track had been laid along said street, to pave their track and three feet on each side with rubble-stone. The street railroad company paved their track, but refused to pave three feet on each side thereof. The city of Atlanta made the pavement three feet on each side of this railroad, and made an assessment against the street railroad company for the cost thereof. The company filed this bill to enjoin the execution issued by the city of Atlanta against it for the cost of paving three feet on each side of its railroad track. Upon the trial of the case, a verdict and decree were rendered against the city, en-joining this execution. Thereupon the city of Atlanta made a motion for new trial, upon several grounds, which was overruled by the court below, and this judgment of the court is excepted to and assigned as error.

1. It appears that upon the trial of this case, the city of Atlanta put in evidence certain resolutions which had been adopted by the general council, as follows:

"The finance committee report in favor of exempting the road, rolling and live-stock of the Gate City Street railroad from taxation by the city of Atlanta for ten years, commencing with January 1st, 1882." (Signed) "Robert J. Lowry, D. A. Beatie, Thomas J. Boyd."

"The finance committee report further, that the said street rail-road company named above shall macadamize their track and three feet on each side, and keep it in good order, to conform to the street

as it is, or to the grade when given, and otherwise to comply with ordinances now of force, or that may hereafter be adopted relative to the Atlanta Street Railroad Company, or the said Gate City Company." "Adopted."

The presiding judge held that these reports made by the finance committee and adopted by the general council of the city of Atlanta, were a contract between the city and the Gate City Street Railroad Company; and that, by the terms of the charter of said company and this contract, the street railroad company were exempted from taxation for ten years; and that they should macadamize their track and three feet on each side of it, and keep it in good order, etc.; and that when this was done, the city could not require the street railroad company to further pave its tracks and three feet on each side thereof; and so holding, the jury were directed to find against the city.

We are of the opinion that the court erred in thus construing these reports of the finance committee, whether the same amounted to a contract or not. We are of the opinion that they required the Gate City Street Railroad Company to comply with such ordinances as were then of force in the city of Atlanta, and such ordinances as might thereafter be adopted by the city in relation to the paving of its track or three feet on each side thereof. This is the main error complained of in the motion for new trial; and the court having erred in its construction of these reports of the finance committee, adopted by the city of Atlanta, a new trial must result.

2. But it is argued that the act of the legislature, approved September 3d, 1881, which is entitled, "an act to amend an act establishing a new charter for the city of Atlanta," etc., the title of which act sets out with great particularity the objects and purposes of the act, is unconstitutional and void, so far as the same provides that "any street-railroad company having tracks running through the streets of said city, shall be required to macadamize, or otherwise pave, as the commissioners of streets and

sewers may direct, the width of its track, and for three feet on each side of every line of track now in use, or that may hereafter be constructed by such company."

We think that this act is constitutional,—that this proviso is not contrary to and is embraced in the title of the act. The title to the act would have been sufficient if it had merely said it was "an act to amend the charter of the city of Atlanta." This section, which authorizes the city to require a street railroad company to macadamize or otherwise pave, as the commissioners of streets and sewers may direct, the width of its track and three feet on each side of every line of track, is not inconsistent with anything contained in the title of the act, but is germane thereto. Nor is it a different subject-matter from that contemplated by the title. This question was fully considered and decided in the case of *Hope et al. vs. The Mayor, etc. of Gainesville,* 72 *Ga.* 248, where it was held that, "where it appears from the whole of a legislative act that the great purpose and object was to create a corporation to lay out and construct a railroad between certain points, any instrumentality authorized by the act in aid of, to conduce to, and to assist the one great purpose of the act, is not a different subject-matter; and the act is not unconstitutional as containing more than one subject-matter or matter different from that expressed in the title." So we think that the act of the legislature amending the charter of the city of Atlanta is constitutional, and that the defendant in error can take nothing by this objection.

We do not intend to decide that, where the city exercises this great power in an arbitrary manner and without sufficient reason, in a proper case made, the jury may not consider the necessity for the improvement, or its unreasonableness, or whether the improvement to be made is to be made out of such costly materials as may result to the great injury of the citizen owning property along said street. For it may be that under such circumstances the

citizen might be improved out of his estate. So we think that in all cases of this character, it is for the jury to say, under the testimony, whether such pavement or improvement is reasonable or unreasonable; and while the city may exercise its legislative discretion as to when the improvement shall be made, and the material with which it may be made, yet it is for the jury to determine, under all the facts, whether the same is reasonable. or whether there be a necesssity therefor.

Judgment reversed.