### THE CITY OF ATLANTA *v.* HAMLEIN.

96 381
s101 700

1. The validity of a power conferred upon a municipal corporation to levy local assessments for street improvements against the private property of abutting landowners, depends upon whether or not such property, in addition to a benefit common to all the property of the municipality which is supposed to result from such improvement, is in any manner specially benefited by the proposed improvement.

2. Ordinarily, the question of benefit, whether general or special, is concluded by a distinct legislative declaration, specifically authorizing the improvement; but where by its charter a municipal corporation is authorized generally to pave the public streets, and charge against the abutting landowners proportionate shares of the cost of such improvement, estimated upon the front foot rule, if, in the assessment for a given improvement, there be such a gross disproportion between the sum assessed against a particular lot owner and the value of his abutting lot as that, if the municipal corporation be permitted to proceed with its collection, such action would amount to a virtual confiscation of the landowner's property, the assessment cannot be upheld as a valid exercise of the power conferred; and a court of equity will enjoin the collection of the sum so assessed.

3. Where, in such a case, it appears from the record that the lot against which an assessment for paving is made is of such shape and dimensions that it abuts upon one street three feet, upon another seven feet, and upon a third four hundred and seven feet, being bounded on the remaining side four hundred and seven feet by the adjoining property in the block; and where it further appears that this long and narrow strip of land has been by the municipal corporation paved along the entire distance of its greatest length, four hundred and seven feet, at an expense, according to the municipal assessment, of seven hundred and twenty-one dollars and twenty-eight cents; and where it further appears that the greatest estimated value of the entire property, as improved, is two hundred and sixty dollars: *Held*, that these facts make such a case of doubtful benefit, and probable spoliation, as that the discretion of the circuit judge in granting an injunction at the suit of the lot owner to stay the collection of the sum assessed until the final trial will not be disturbed.

July 8, 1895.

Petition for injunction. Before Judge Lumpkin. Fulton county. February 4, 1895.

Fulton Colville, for plaintiff in error.

Rosser & Carter, *contra*.

Atkinson, Justice.

1. The theory upon which local assessments for street improvements are allowed to be laid upon the abutting lot owners is, that such street improvements, aside from the mere general advantage resulting to the community at large, will result in some special advantage to the par-

ticular owner in which the general public does not participate. This special benefit to the private lot owner is the circumstance which gives legal validity to a legislative act authorizing the assessment; for unless some special advantage result to the owner in consequence of the street improvement for and on account of which his property was assessed, the effect of that assessment would be arbitrarily to deprive the citizen of his property, a proceeding which is not allowable under a form of government the boast of which is to protect the individual in the enjoyment of his right of private property. This test has heretofore in this State, in the case of *Speer et al.* v. *Mayor and Council of Athens*, 85 *Ga.* p. 49, been recognized as the one upon which the legality of such assessments is allowable. It is the only theory upon which, under our form of government, such assessments can be justified; for to say that the legislature, in its discretion, could seize the property of an individual and arbitrarily appropriate it to a public use without adequate compensation, is contrary to the very genius and spirit of our institutions of government. In the resultant benefit is to be found the compensation to the individual which justifies the charge upon his estate.

2. As a general proposition, upon the question of benefit, whether general or special, the owner is concluded by an expression of the legislative will. Where power is conferred upon the municipal authorities, in their discretion, to inaugurate a system of street improvements, with the power likewise conferred of imposing upon the abutting lot owners a proportionate share of the cost of such improvements, such power may be well exercised by the city authorities without giving notice of any character to the lot owner; and it is inconsistent with the proper exercise of the taxing power, and would tend to a manifest embarrassment of the public in the prosecution of these public improvements, if,

upon every assessment, the lot owner were entitled to have the question judicially determined whether or not he would be benefited by the proposed improvement. As to whether he was benefited or not, is a question which should address itself to the discretion of the municipal authorities. Their judgment upon this subject is ordinarily, except in the most extreme cases, conclusive; but, as we have before stated, it is not allowable that the municipal authorities, under the guise of a public improvement, should arbitrarily deprive the citizen of his estate. If, therefore, in the levy of such assessments, the cost of the improvement be so disproportioned to the value of the estate sought to be improved, as that the levy of the assessment amounts to a virtual confiscation of the lot owner's property, such assessment cannot be upheld as a legal or valid exercise of the power to tax for such improvements. To the proposition here announced, the attention of the profession is invited to the following authorities: *Speer et al.* v. *Mayor and Council of Athens*, 85 *Ga.* pp. 57 and 62, *supra; City of Atlanta* v. *Gate City Street Railroad Company*, 80 *Ga.* 280; Preston *v.* Rudd, 84 Ky. 150; Poulsen *v.* Portland, 1 Lawyers' Reports Annotated, p. 673.

3. In the present case the municipal authorities were proceeding by execution with the collection of a local assessment against the property of the defendant in error. It appears that the defendant in error was the owner of a narrow strip of property, seven feet in width at one end, three feet in width at the other, and extending along the line of the improved street four hundred and seven feet. It appears that the *pro rata* share of the defendant in error of the cost of the improvement as assessed by the city, estimated upon the front foot rule, amounted to seven hundred and twenty-one dollars and twenty-eight cents. It further appears that the highest estimated value of the property of the defendant in

error, after the street improvement was completed, was two hundred and sixty dollars. According to these figures, this assessment, if upheld as legal, would appropriate to the public use entirely the private property of the landowner subject to the assessment, and, in addition, would leave the latter in debt to the city in the sum of four hundred and sixty-one dollars and twenty-eight cents. Under these circumstances, the defendant in error applied to the superior court for an injunction to restrain the collection of the sum so assessed against him. The exact extent of the benefit necessary to uphold such an assessment is incapable of definition. But it may be asserted with perfect confidence, that the present is one of those extreme cases of such doubtful benefit and probable spoliation as will justify the interference of a court of equity in order to prevent the citizen from being arbitrarily deprived of his property. We presume, upon more mature consideration the city authorities will be enabled to make such an assessment against this particular property as will impose upon it its fair *pro rata* share of the cost of improvement. If not, the circuit judge, to whom this case will be remitted, will doubtless formulate such a decree as will preserve the rights of the citizen and at the same time allow to the municipal corporation a just exercise of its power to tax.

*Judgment affirmed.*