## CITY OF ATLANTA *v.* HANLEIN.

Where, in the exercise of a power conferred by its charter upon a municipal corporation, the municipal authorities entered upon the construction of an authorized public improvement of its streets, in the execution of which assessments were levied upon the property of abutting lot-owners to cover a portion of the cost of paving a public street and sidewalk; and where a petition was filed by a person so assessed, to enjoin the collection of the tax imposed upon him, upon the grounds that he received no benefit from the construction of such improvements, and that under all the circumstances the assessment as to him was unlawful and unauthorized; and upon the trial it appeared, from an agreed statement of facts upon which the trial judge was, by both parties, requested to determine the questions of law and fact, that the property of the complaining taxpayer was, in consequence of its peculiar shape and situation, not worth more after than before the improvement, and there was nothing in the evidence from which it could be inferred that the lot-owner derived, or could derive, any other or incidental benefit from such improvement, there was no error, in such an extreme case, in finding in favor of the complainant and decreeing that the collection of the tax thus imposed be enjoined.

Argued June 11, — Decided July 9, 1897.

Equitable petition.    Before Judge Lumpkin.    Fulton superior court.    September term, 1896.

Harry Hanlein brought his petition for injunction to prevent the City of Atlanta from selling a strip of land belonging to him, under executions issued against the same on account of sidewalk and roadway paving.    The strip in question is about 400 feet long abutting on Georgia avenue on the south, and

about 7 feet wide at one end abutting on Capitol avenue, and about 3 feet wide at the other end abutting on Crew street. The case was submitted to the court upon an agreed statement of facts, both sides conceding that the court should direct a verdict. The court directed a verdict in favor of the plaintiff, finding that he was not liable for any assessment or charge by the city on account of the sidewalks or other local work involved in this suit. The defendant moved for a new trial, which was denied, and exception was taken.

From the agreed statement of facts it appears, that the land immediately north of the land in dispute belongs to other parties and has been cut up into lots fronting upon Crew street and Capitol avenue. The value of the strip in question when the paving was done and at the time this suit was brought was not over $350, and does not now exceed that amount. It is too narrow and too shallow upon which to build any improvements of value or that would be productive of revenue. The average depth of lots in that part of the city is not less than 100 feet, and land of less depth than 75 feet for building is almost valueless. The average value of building lots in that vicinity is from $500 to $600; and if this strip had a depth of 75 or 100 feet, it would be worth $4,000 or $5,000. Before June, 1894, the city caused granite curbing and brick sidewalks to be laid on Georgia avenue between Capitol avenue and Crew street, and also caused the roadway of Georgia avenue at the same place to be paved with granite blocks, and issued executions against the Capital City Land and Improvement Company, the former owner of the strip in question, for $184.82 as the cost of curbing and sidewalks, and $721.28 on account of the roadway pavement, the enforcement of which executions was restrained by the court. The city had already paved with granite blocks and put down sidewalks and curbing on Capitol avenue and Crew street, and had collected out of the owners of said strip the proportionate part chargeable for this last mentioned improvement. Plaintiff holds under the Capital City Land and Improvement Company, and at the time of the purchase had knowledge of the city's claim of lien for said improvements, but at the time of said purchase, and since, he

contested the validity of said lien.　He is unable to sell it or buy from the adjacent owners so as to render the strip available as frontage on Georgia avenue.　No notice was given said improvement company to be present at, or to take part in, or to be heard concerning the distribution of the assessment for paving Georgia avenue, but the assessment was made by the city engineer acting for the city, on his own motion, according to his own judgment, and without any conference with or suggestion from the owners of said strip.　The paving was done in pursuance of ordinances regularly passed after the filing of a petition by the requisite number of property-owners on Georgia avenue, and the requisite notice from the city was properly served on the improvement company to lay the sidewalks and curbing.　It is not contended but that the executions were regularly issued under the charter and ordinances of the city; but plaintiff contends that the strip in question does not abut or front on Georgia avenue in the sense of the city laws as to paving and curbing, and that it is not chargeable with any part of the bill for sidewalks, curbing or paving; and that the assessment against this strip of any part of the charges here made was erroneous for the reason that said charges are sustained, in whole or in part, upon the theory of benefits received, and that in this case no benefit has been or can be received, and these charges amount to a confiscation of the property. The city contends that the property must pay for the curbing and sidewalks, and an equitable assessment on account of said paving.　At the trial counsel for the city presented an amendment to its answer, offering to dismiss the levies of the executions and consenting that the court pass an order quashing said executions without prejudice to the right of the mayor and general council of the city to act upon the matter of making an equitable assessment on account of any or all of the improvements involved in this litigation.　After the court had announced its ruling and directed a verdict, and while the same was being prepared, counsel for the city took an order dismissing the levies and quashing the executions, and objected to the direction of a verdict finding that the strip in question is not liable for any assessment or charge on account of the

sidewalks or other improvements; contending that it was the right of the mayor and council to make an equitable assessment upon the property on account of the improvements in question, and that whether such assessment when made should be collected or restrained by the court could not properly arise in advance of such action of the mayor and council, the making of such assessment being within their charter power. The court nevertheless directed the verdict as above stated. The motion for new trial assigns error upon this ruling, and alleges that the court erred in holding that the property in question was not subject to the assessment for sidewalks and curbing; counsel for the city having abandoned the claim for roadway paving but insisted on the lien for sidewalks and curbing.

*J. A. Anderson* and *J. T. Pendleton*, for plaintiff in error.
*Rosser & Carter*, contra.

SIMMONS, C. J. The law of this case was settled when it was here before ( 96 *Ga.* 381), upon an application for an injunction. Upon the final trial of the case, a statement of facts was agreed upon by both parties and submitted to the judge without a jury. Upon this statement of facts the judge found in favor of the complainant, and decreed that the tax be enjoined. The shape and dimensions of this lot are fully set forth in the opinion of Atkinson, J., in 96 *Ga.* 381. It was agreed in the statement of facts that the property was not worth more after the improvements than it was before they were made; and there was nothing in evidence from which it could be inferred that the lot-owner derived or could have derived any incidental or special benefit from such improvement, other than was shared in common by the general public; and there was no error in the finding and decree of which complaint is made.

*Judgment affirmed. All the Justices concurring.*