## Jenkins County v. Dickey.

Beck, J. 1. Where authorities having charge of the roads of the county accepted a conditional dedication of a strip of land to be used in laying out a public road, and actually laid out a public road, over the same, they will not be permitted to repudiate their contract with the dedicator by refusing to discharge certain obligations undertaken by them in accepting the dedication, to the injury of the dedicator. If the conditions imposed intolerable burdens upon the public use to which the land dedicated was to be appropriated, the dedication should have been rejected entirely. The contract between the dedicator and the county authorities will not be held to be valid so far as it confers benefits upon the public and invalid so far as it relates to the conditions stipulated by the dedicator in order to protect and safeguard his property.

2. The court did not err in overruling the demurrers, general in their nature, to the petition.

*Judgment affirmed. All the Justices concur.*

December 10, 1912.

Equitable petition. Before Judge Rawlings. Jenkins superior court. December 9, 1911.

Benjamin Dickey brought his petition against Jenkins County, and alleged: that, in order to allow a certain public road to be somewhat straightened, he had agreed to permit the road-working gang to run the road for a distance through his field, provided the county would build for him on either side of the road for the extent of his field a woven-wire fence, complying in all respects with the specifications of a lawful fence, and provided the county would at once erect a gate at each end of the field where the road entered and left the same, to be kept up and maintained by the county until it should build the fences above referred to; that thereupon the county placed the road through petitioner's field and built the gates as per agreement; that this was done about June, 1909, and on March 28, 1910, the county authorities, without notice or warning to petitioner, and without having built the fence along the road through petitioner's field, and still failing and refusing to do so, removed the gates and left petitioner's field exposed to stock and cattle, it being a "fence country," and there being a great many cattle and hogs at large in that community; and that he had replaced the gates, but the county authorities threatened to again remove them. He prayed that they be enjoined from removing or interfering with the gates until they had erected the fences along the road through his field as they had agreed to do, or should pay to him the sum of $200, it being

alleged that it would cost him that sum to build the fence; and he prayed for a judgment against the county in the sum of $200. The county filed a general demurrer to the petition, which the court overruled, and the county excepted.

*W. V. Tyler* and *W. H. Davis,* for plaintiff in error.