### 6676. HARDY v. PITTMAN.

1. Under the agreed statement of facts in this case, the lien of the assessment for street improvements attached to the property from the date of the passage of the ordinance authorizing and providing for the work.

2. The court erred in overruling the motion for a new trial.

DECIDED MARCH 24, 1916.

Action for money had and received; from municipal court of Atlanta. April 1, 1915.

*Simmons & Simmons,* for plaintiff in error.

*Bell & Ellis,* contra.

BROYLES, J. On March 18, 1912, C. H. Pittman and other citizens of Atlanta petitioned the mayor and general council that St. Charles avenue be paved from Moreland avenue to the city limits. Pittman owned a house and lot on the avenue first mentioned between the points named. On April 15, 1912, the chief of construction of the city approved the petition and recommended that the work be done, and estimated the cost of the same both to the city and to the abutting property owners, and the petition was approved by the city attorney on April 17, 1912. The general council of the city, on May 20, 1912, passed an ordinance authorizing the chief of construction to pave the street as petitioned for. The ordinance fixed the cost thereof to the property owners, and

·assessed against them their pro rata share of the same. This ordinance was approved by the mayor on May 27, 1912. On August 28, 1912, Pittman sold this house and lot to Mrs. Flora R. Hardy, who entered into possession of the property. The street improvements were started and completed after this sale, being actually begun some time during November or December, 1912, and completed in February or March, 1913. The city council passed another ordinance on January 20, 1913, assessing the abutting property owners upon this street with the cost of the paving of the street, and this ordinance was approved by the mayor on January 24, 1913; but in this second ordinance it was expressly stipulated that the expense of this street improvement should be distributed amongst and assessed against the various parcels of property abutting on the street, and against the owners thereof, *as from the date of the passage of the previous ordinance* providing for such work; and the fi. fa. was levied upon this property as the property of C. H. Pittman, who was the owner at the time of the passage of the ordinance authorizing the work. The fi. fa. itself contains the following language: "You are hereby commanded that of the goods and chattels, land and tenements of C. H. Pittman, to wit, of a certain city lot in the City of Atlanta, . . . you cause to be made by levy and sale sufficient thereof to make the sum of . . . , said amount being the assessment against said lot and against said C. H. Pittman, the owner thereof, at the date of the approval of the ordinance hereinafter mentioned, . . . lawfully chargeable to said lot in accordance with an ordinance adopted by the mayor and general council of the City of Atlanta, approved by the mayor on the 27th day of May, 1912."

The only question in the case is as to when the lien for the cost of the paving attached to this property. Did it or not attach before the sale by Pittman to Mrs. Hardy? It is argued by counsel for Pittman that the provisions of the charter of the City of Atlanta, which are now embodied in sections 355 and 356 of the city code of 1910, making assessments for street improvements by the city a lien upon the abutting property from the date of the passage of the ordinance authorizing the execution of the work, are void and unenforceable for the reason that at such date no actual improvement has been made, and no consideration whatever has accrued to the property owner; and to sustain their conten-

tion they cite *City of Atlanta* v. *Hanlein,* 101 *Ga.* 697 (29 S. E. 14). In that case, however, it was agreed, in the statement of facts submitted, that the property in question was not worth more after the street improvements than it was before they were made, and the Supreme Court, in the decision of that case, said: "And there was nothing in evidence from which it could be inferred that the lot owner derived or could have derived any incidental or special benefit from such improvement other than was shared in common by the general public." The instant case is quite different. No one will deny that the laying of a good pavement in a street, with sidewalks to match, drains, etc., is of great value to abutting property. In our opinion, it follows that when it becomes known to the community at large and to the entire city that the mayor and general council have definitely determined, by appropriate legislative action, to make such improvements on a certain street, within the near future, the value of the property abutting on that street might be increased at once, before the work was even started; and hence we can not say, as a matter of law, that Pittman, who was the owner of the property in question when the ordinance authorizing the street improvement was passed, did not receive any benefit before the execution of this work was actually begun. In order to affirm the judgment of the lower court it would be necessary to hold that the charter provisions previously discussed, and the ordinances of the city passed in accordance therewith, are illegal and void. There is a presumption in favor of the validity of legislative acts and municipal ordinances, and in this case that presumption has not been overcome. In fact, the question of the invalidity of the charter provisions and of the city ordinances in question was not properly raised in the lower court, and can not be considered by this court.                    *Judgment reversed.*