### CITY OF ATLANTA v. AKERS.

LUMPKIN, J. Certain persons, describing themselves as residents and property owners of the City of Atlanta in the section most directly affected, filed a petition with the mayor and general council for the extension of a named street to a point stated. One of the petitioners wrote the following words above his signature: "If I have no expense for sewer or street, and none of my lot is taken." This petition was recommended by the proper committee. Before action was taken upon it by the

mayor and council this petitioner executed to the city a deed in which a consideration of $10 was recited, conveying a strip of land from his lot for street purposes in the extension of the street referred to in the petition. Thereafter a favorable report of the committee was adopted and approved by the mayor. Later the city through its municipal authorities passed an ordinance to construct a pavement of a certain description along the street, passing the property of the petitioner referred to above; and, when completed, an assessment was made against his property on account of the cost of such pavement, and an execution was issued and levied thereon. He filed an equitable petition, which, as amended, alleged that the real consideration of the deed made by him to the city was the agreement on the part of the city to carry out the terms of the dedication as set out in the agreement above recited. It was also alleged that the land which he conveyed to the city was worth several hundred dollars, that the new street was of no value to him, and that he agreed to execute the deed upon the agreement that the condition in the petition above his signature should be recognized and carried out by the city. *Held*, that there was no error in overruling a general demurrer to the petition. The provision appearing above the signature of the plaintiff constituted a request or offer upon the conditions therein stated. The subsequent making of the deed by him to the city for the purpose of the street extension waived the condition that none of his lot was to be taken, to the extent of the land covered by the conveyance; but it did not affect the condition that he should not be subjected to expense as therein stated. If the city accepted the deed on the consideration that it should carry out this agreement, and adopted the favorable report of its committee upon the petition with such condition therein, it became a contract; and the city could not thereafter legally make an assessment against the plaintiff's lot for the cost of laying the pavement. *Jenkins County* v. *Dickey*, 139 *Ga.* 91 (76 S. E. 856).

(*a*) The contention of the plaintiff that the transaction made a contract between himself and the city that he should be put to no expense "for sewer or street" did not constitute an effort to add to or change a written instrument by parol.

(*b*) The overruling of the grounds of special demurrer was not assigned as error in the bill of exceptions, or urged in the brief of counsel for plaintiff in error.     *Judgment affirmed. All the Justices concur.*

AUGUST 19, 1916.

Equitable petition. Before Judge Pendleton. Fulton superior court. June 22, 1915.

*J. L. Mayson* and *W. D. Ellis Jr.,* for plaintiff in error.

*Daley, Chambers & Daley,* contra.