13596, 13597.   GEORGIA RAILWAY & ELECTRIC CO. *v.* TOWN OF
DECATUR.

BELL, J.   1.   By the provisions of the act approved August 2, 1916 (Ga.
L. 1916, p. 683; see also acts approved August 17, 1909, and August 16,
1915), the Town of Decatur was empowered to repave its streets when-
ever in its discretion the same should be " necessary for the benefit of the
public travel and the maintenance of said streets;" and, in the absence
of a valid contract otherwise providing (which it seems may under some
conditions be made: *Atlanta Con. Street Ry. Co.* v. *City of Atlanta,* 111
*Ga.* 255 (2), 36 S. E. 667; *Jenkins County* v. *Dickey,* 139 *Ga.* 91, 76 S.
E. 856; *City of Atlanta* v. *Akers,* 145 *Ga.* 680, 89 S. E. 764), an owner
of property which is affected thereby is not relieved from an assessment
of the proper proportion of the cost thereof merely by reason of having
paid a pro rata of the cost of the original paving upon the street which
is thus later repaved.

2. Accordingly, notwithstanding it appears that on September 25, 1912, a
contract was made between the parties hereto providing that the plain-
tiff in error street-railway company should pay a certain sum to the
municipality for a " franchise, easement, or right of way," to " be used
for the purpose of widening and grading " the street whose repaving
is now in question, and that so " much thereof as is unexpended for
that purpose shall remain in the treasury of the Town of Decatur," and
further that such rights, privileges, and easements therein granted are
upon the condition, among others, that the company should pay a sum
equal to two thirds of the cost of paving such street, whenever the same
should be done, and although it is shown also that the street-railway
company duly performed its obligation to pay such sum including an
amount for the original paving which was done in the year following,
the fact of such contract and the performance thereof by the company
does not preclude its liability for a legal proportion of the subsequent
expense of repaving such street, whenever the municipality, under its
charter authority, should deem the same to be necessary, and should
lawfully execute the same and assess the cost thereof; the provisions
of the contract above referred to being construed to apply only to the
terms of the purchase of the franchise and to the old paving, no stipula-
tion therein appearing which could reasonably be referable to the matter
of repaving.   *City of Atlanta* v. *Gate City Street R. Co.,* 80 *Ga.* 276 (4
S. E. 269); *Burckhardt* v. *City of Atlanta,* 103 *Ga.* 302 (4) (30 S. E.
32).

3. Although there is a diversity of opinion (4 Dill. Mun. Cor. (5th ed.)
§ 1453; 28 Cyc. 1115; 25 R. C. L. 93, 108; 18 L. R. A. (N. S.) 1263,
note; but see *Speer* v. *Athens,* 85 *Ga.* 49, 58, 11 S. E. 802, 9 L. R. A.
402; *City of Atlanta* v. *Presbyterian Church,* 86 *Ga.* 730, 13 S. E. 252,
12 L. R. A. 852; and see *Hayden* v. *City of Atlanta,* 70 *Ga.* 817, 825, in
which it was said by the Supreme Court:   " But the power to have
worked, opened, repaired, and improved the public highways, streets, and
roads may be exercised by the legislature in such manner and way, and
under such circumstances, as may be deemed best. There is no limitation

imposed by the constitution upon this power; it rests upon the sound discretion of the legislature ") as to whether a statute may not authorize the issuance and levy of an execution for an assessment on *other* property than that abutting upon or contiguous to the street improved, on the theory, among possibly others, that such a scheme may result in a contribution by one of a sum in excess of the value of his property directly affected, and amount thus to a confiscation (*City of Atlanta* v. *Hanlein*, 101 *Ga.* 697; 29 S. E. 14, s. c. 96 *Ga.* 381, 23 S. E. 408), the constitutionality or validity of the act of August 18, 1919 (Ga. L. 1919, p. 934), amending the charter of the Town of Decatur, under which the municipality contends that such a levy upon such other property is authorized, is in no wise drawn in question by the record in the instant case; and therefore this court, being called upon to pass upon the act, must construe it upon the assumption that it is valid. It is neither insisted nor suggested that the property abutting or contiguous is of a value less than or even disproportionate to the improvements made, nor that the plaintiff in error is in any way prejudiced by the fact of the levy of the fi. fa. upon its other property, as was done, instead of its proceeding directly upon the property abutting.

4. The act of 1919, supra, should be construed in the light of the principle that " in the absence of legislative authority the main track of a railroad company is not subject to levy and sale to satisfy a lien for assessments for local improvements " (*Georgia Railroad &c. Co.* v. *Decatur*, 137 *Ga.* 537 (3), 73 S. E. 830, 40 L. R. A. (N. S.) 935; *Georgia Railway &c. Co.* v. *Atlanta*, 144 *Ga.* 722 (4), 87 S. E. 1058); and since the provisions of the act appear to relate to assessments "against street or other railroad companies, and against the property thereof" (not expressly limited to property abutting), only in cases of improvement of streets along or across which the track or tracks of such railway company extends, and since also there is no express power therein given to levy upon the tracks themselves (between and beside which the paving was done in the present case), a construction of the act as applicable only to a levy and sale of the property of the railway company abutting upon or contiguous to the improvement would be the equivalent of holding it meaningless or ineffective; whereas, looking " diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy (Civil Code of 1910, § 4, subsection 9), it must be held that the power to levy for assessments is not thereby limited to property abutting upon the street improved (see, in this connection, 25 R. C. L. 174), but that the act confers the virtual equivalent of express authority to levy upon some other property within the municipality.

5. "Laws which act upon remedies alone, although retrospective, will be enforced; provided they do not impair the obligation of contracts, or disturb absolutely vested rights; and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations." *Wilder* v. *Lumpkin*, 4 *Ga.* 208 (6); *Searcy* v. *Stubbs*, 12 *Ga.* 437 (2).

6. On April 18, 1919, the mayor and council of the Town of Decatur enacted an ordinance providing for the paving which is now in question.

After the improvement was finished, an ordinance was enacted, on September 5, 1919, making the assessments for the expense thereof. This was a proper and legal order of procedure. *Bacon* v. *Mayor &c. of Savannah,* 91 *Ga.* 500 (2) (17 S. E. 749). The act of 1919, above referred to, was enacted subsequent to the paving but prior to the ordinance by which the assessments were made for the cost thereof. Such assessments are within the provisions of the act in relation to the enforcement of the collection of the assessments by a levy upon other property than that abutting or contiguous to the street so improved. If such ruling is to give to the act a retrospective effect, the effect is only remedial, and not in any wise unlawful or objectionable. *Wilder* v. *Lumpkin,* supra; *Searcy* v. *Stubbs,* supra; *Boston* v. *Cummins,* 16 *Ga.* 102 (4) (60 Am. D. 717); *Sparger* v. *Cumpton,* 54 *Ga.* 355; *Pritchard* v. *Savannah Street etc. R. Co.,* 87 *Ga.* 294 (13 S. E. 493); *Baker* v. *Smith,* 91 *Ga.* 142 (16 S. E. 967); *Bacon* v. *Savannah,* 105 *Ga.* 62 (31 S. E. 127); *Moore* v. *Ripley,* 106 *Ga.* 556 (2) (32 S. E. 647); *Allen* v. *Schweigert,* 110 *Ga.* 323 (35 S. E. 315); *Mills* v. *Geer,* 111 *Ga.* 275 (36 S. E. 673, 52 L. R. A. 934); *Ross* v. *Lettice,* 134 *Ga.* 868 (68 S. E. 734, 137 Am. St. R. 281); Civil Code (1910), § 6. See also the subject "Curative Acts" or "Curative Legislation," under "Special Assessments," 25 R. C. L. 94; 25 Am. & Eng. Enc. Law (2d ed.) 1228; 4 Dill. Mun. Cor. (5th ed.) § 1469.

7. The overruling of the general demurrer to the affidavit of illegality filed by the street-railway company to the fi. fa. issued for the amount of the assessment did not adjudicate that the affidavit was good in all of its grounds, but that not all of them were bad. *Johnson* v. *Wheelock,* 63 *Ga.* 624 (2); *Lowe* v. *Burke,* 79 *Ga.* 164 (2) (3 S. E. 449); *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874); *Gibson* v. *Wilson,* 130 *Ga.* 243 (2) (60 S. E. 565). But in the absence of a special demurrer (*Dixon* v. *Savannah,* 20 *Ga. App.* 511 (1), 93 S. E. 274; *Mayor &c. of Savannah* v. *Wade,* 21 *Ga. App.* 48, 94 S. E. 1042), the averments that "there is no authority . . in the mayor and council . . or in the clerk . . or in the marshal . . to sell or to have sold said property so levied upon by virtue of said execution," and "no assessment of any kind was ever made against any property so levied on," were sufficient to raise an issue of fact as to the existence of ordinances for the paving and for the assessment of the cost thereof. *Bacon* v. *Savannah,* supra, s. c, 86 *Ga.* 301 (12 S. E. 580); *Walker* v. *Cairo,* 27 *Ga. App.* 323 (108 S. E. 206). After the submission of the evidence had closed, a finding upon the issue thus raised was demanded in favor of the plaintiff in fi. fa., the Town of Decatur, and, no other ground of illegality containing any merit, the verdict was properly directed accordingly. And the motion of the defendant in fi. fa. for a new trial, which was thereafter filed, was properly overruled.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 16, 1923.

Affidavit of illegality of execution; from DeKalb superior court — Judge Hutcheson. April 12, 1923.

*Colquitt & Conyers,* for plaintiff in error.

*Harwell, Fairman & Barrett,* contra.