## CITY OF MACON *v.* GEORGIA POWER COMPANY.

No. 7504. July 2, 1930. Rehearing denied September 20, 1930.

*E. W. Maynard* and *Ellsworth Hall Jr.,* for plaintiff in error.

*Roland Ellis, Charles A. Glawson, Louis G. Smith,* and *Wallace Miller,* contra.

EVE, J.   The point first raised and most strongly insisted on in the brief and argument of attorneys for the plaintiff in error involves and makes necessary a consideration and construction of certain clauses in the ordinance of May, 1927, and an act of the General Assembly of August, 1927.   It is declared in the ordinance: "With the exception of Lawton Avenue and Vine Street, as now laid out and established, the Company shall not be required to pay or contribute to the cost of any new street-paving construction

hereafter to be done or authorized by the City of Macon or its authorities." In the act of the General Assembly this appears: "Provided, that nothing herein contained shall authorize any assessment for new street-paving construction by the City of Macon against the Macon Railway & Light Company." In the ordinance of 1927 are set forth exceptions to this seemingly general exemption of the company from liability for paving assessments: "provided, however, that all other provisions of the franchise contract and of the charter and ordinances of the City in reference to maintenance by the Company of its tracks and road-bed on both paved and unpaved streets remain unimpaired and in full force and effect." The plaintiff in error contended in the court below, and insists here, that the language of the statute and the ordinances fixes the liability against the company for all repaving; that it is within its legal rights in assessing against and endeavoring to collect from the Georgia Power Company its proportionate share of the expense of repaving a certain portion of Vineville Avenue upon which the company maintains a double track. Notice was given to the company by the city that it intended to repave this street with concrete, and that the existing brick pavement would be removed. The defendant in error insists that under the language of the law and ordinances there remains in the city no right to hold the company to liability for any costs of pavement construction, whether original or new replacement. Viewing the record in its entirety, taking into consideration the beneficent purpose of the city in granting the exemption as embodied in the report of its committee upon which the ordinance was based, giving to common words their ordinary use and meaning, applying to the phrases noted the generally recognized rules of grammatical construction, and measuring all related or relevant matter by the rule of reason, we are led inevitably to the conclusion, evidently reached by the trial judge, that the company is legally exempt from all liability for street-paving assessment, general or special, except such as might arise in connection with "maintenance by the company of its tracks and road-bed; and the placing of its road-bed in condition suitable for the placing of pavement by the city, in the event of new street-paving construction by [abutting] the company's track."

The brilliant and long-continued assaults made by attorneys for the plaintiff in error, directed against this particular point in the

case, constrain us to discuss the reasoning through which our conclusion is reached. The committee of council decided, and set forth in their report, that modern conditions and motor-bus competition had placed the company in an exceedingly difficult situation; that the bus lines were being operated on the streets free from any assessment for street-pavement construction, and without liability for maintenance or repairs, and that "the ultimate cost of this disasterous competition must be borne by the patrons who ride the cars." This furnishes a sufficient reason for the exemption; and we are certainly authorized to infer that the council in the enactment of its ordinance based upon this recommendation intended to grant a substance, not a shadow. Under its charter the City of Macon has legal authority to repave its streets in the exercise of a sound discretion, and levy and collect assessments as in cases of original paving. This being true, the Georgia Power Company will always rest under the shadow of impending "new pavement" assessments. The company has paid its proportion, of the cost of original construction. The bus lines have paid nothing. It is now sought to hold the company liable for the new paving or repaving on Vineville Avenue. Indirectly it is sought to fix a future liability on the company for the laying of new replacement paving on all of the paved streets abutting its lines, representing probably seven eights or more of its trackage. We are now asked to hold that a proper interpretation of the ordinance and its equalization feature is possible or consistent with these contentions of the plaintiff in error.

It is conceded by the plaintiff in error that under the statute and ordinances the company has secured exemption from liability for costs of new street paving if placed on streets yet to be opened and on streets not yet paved. While it is intimated that the company has some track on "dirt" streets, no information is furnished as to the probable length of such line, and we have a right to presume that most of the trackage is located in business or prominent residential sections of the city where the streets are paved. The recognized financial situation of the company would seem to preclude the laying of additional lines along unpaved streets, and the city does not contend that it has any paving of old dirt streets or opening up of new streets on its schedule. It seems to us that *repaving* is *new paving*. The street itself may be old, but the paving is new, the material is new, the construction work is new, the assessments

and levies are new. According to Webster, "Rebuild—to build again, as something which has been demolished; to construct anew." "Rename—to give a new name to." Evidently "repave" is to pave again or anew. Attorneys for plaintiff in error seem to labor under the impression that to "repave" is to repair. There seems to be a clear distinction or difference. The company is admittedly bound to maintain its road-bed both on paved and unpaved streets. To maintain is to keep in repair; to "repair" is to restore to a sound state after injury or partial destruction. From a grammatical standpoint are we not justified in holding that in the phrase or clause, "the cost of any new street-paving construction," "any" is a limiting adjective, "new" is a descriptive adjective, and "street" an adjective, all modifying "paving construction?" To justify the construction given it by plaintiff in error, "new" and "street" as well as "paving" must appear as nouns. We feel that it should receive a liberal construction; one consistent with the announced purpose in view. To sum up, we hold that the "repaving" of a portion of Vineville Avenue, replacing brick with concrete, is "new paving" and "street paving," in contemplation of the city ordinance; and that the company is not liable therefor, but is charged with the duty of preparing its road-bed for the reception of "new paving." That "new" relates to or modifies "paving construction," and not "street," which would naturally be used to indicate that it is not sidewalk or alley paving.

The second of the chief contentions of the plaintiff in error is that the exemption from new street-paving construction costs now claimed by the Georgia Power Company was a concession or privilege granted by the City of Macon to the Macon Railway & Light Company, and that the benefits flowing from the franchise contract could reach the Georgia Power Company only through express grant of the City of Macon. As the city is before us as a result of its legal efforts to hold the Georgia Power Company, as such, liable for costs of street paving, it is seemingly maintaining a somewhat inconsistent attitude in its effort to bar the benefits on this ground. Conceding, however, that this may legally be done, we consider the point unavailing under the record in the case. It is true that the exemption was originally granted to the Macon Railway & Light Company, but it also appears that under the ordinance of 1902, authorizing the consolidation of old street-railway com-

panies in the City of Macon into the Macon Railway & Light Company, the successors of that company were granted all of its rights and privileges. The ordinance of 1927 recognizes the validity of the merger. The agreement of consolidation of Macon Railway & Light Company with other companies named in the joint agreement, in the certificate of the Secretary of State, gives to the Georgia Power Company all the rights and privileges of the component companies. It is contended that there is no consideration for the grant of exemption. It seems to be the rule that ordinances require no specific consideration. The ordinance of 1927 is an amendment to the franchise of 1902. It is laid down and seems to carry the rule: "The condition upon which a franchise is granted is the consideration of the grant. This may be an agreement to pay money, or to bear some burden or perform a public duty. In some cases the consideration for the grant of a franchise is held to be the benefit which the public will derive from the use and exercise of the franchise." 26 C. J. 1028, § 57. At any rate, the lawmaking body of the City of Macon, viewing all of the surroundings, decided that it would be to the interest of the city and its citizens to grant the exemption, and that the things done by the company in the furnishing of new equipment, reconstruction, and rehabilitation far in excess of franchise requirements furnished an adequate consideration. We know of no way which the exercise of that discretion may at this late day be brought into question.

It is insisted in the brief of plaintiff in error, that, as the charter amendments of 1927, cited above, provide that street-railway companies shall pay for the cost of paving, and the collection for the cost of paving shall be enforced under execution, any construction of the legislative act and the ordinance which would relieve the company from the cost of all paving would make the language of the charter "absolutely foolish." In the act of 1927, and in the ordinance of the City of Macon, appears the following: "Provided, that nothing herein contained shall authorize any assessment for new street-paving construction by the City of Macon against the Macon Railway & Light Company." Instead of raising any ambiguity, or making necessary a holding that these enactments contain "absolutely foolish" provisions, may we not apply the principle or doctrine of reconciliation and hold that the city and the General Assembly intended to release the Macon Railway & Light Co., its

successors and assigns, from all liability for *all* paving costs on projects undertaken *after the grant of the exemption,* with exceptions noted, where new paving is laid or relaid? Is it not reasonable that the city, for reasons then apparent and sufficient, desired to relieve the company, but did not desire to relinquish its charter rights to levy paving assessments against street-railway companies generally? We are not called on to decide whether the city may or may not constitutionally deny to other street-car lines similarly situated a like exemption. The company claiming injury through alleged discrimination must assert its rights; the City of Macon may not legally champion its cause in this proceeding.

Attacks are made on the constitutionality of act and ordinance providing for the exemption. The first is, that they are discriminatory and fail to provide impartial and complete protection for taxpayers generally and abutting-property owners liable under the paving assessment; and the second, that, as a result of such exemption and the casting of additional cost and tax burdens upon the taxpayers and property owners, there is a denial of due process of law and a violation of the 14th amendment of the constitution of the United States. Code, §§ 6358, 6359. The act and the ordinance in question are not unconstitutional for the reasons urged. It is hardly conceivable that the City of Macon, the passer and promoter of laws for the grant of this exemption, is in position to set up and consistently insist that *it* is being denied due process of law. No question is raised as to the legal right of the city to pave in its discretion; no attack is made upon the sufficiency of the notice, or the adequacy of the methods through which it is proceeding to the carrying out of its plans; the right of appeal is preserved; and the only question is as to the legality of an exemption. Wherein lies the lack of due process of law in relation to the City of Macon? It has no legal right to take up the contest in behalf of taxpayers generally and paving debtors; they are acquiescing in the taking of their property, and this is permissible even where there is a lack of due process of law. The City of Macon has had the "due-processing" in charge. Those against whom the processes were issued seem to acknowledge, at least by silence, that they were "due;" may the city now come before the courts and bewail the fact that it has not "duly-processed" itself, especially when it is not shown that the city, as a political subdivision of the State, has

through its own legislation "discriminated against" or "adversely affected" itself? It has been held: "This constitutional provision is not an inhibition of legislation, but of *acts without law,* and the right of enjoyment of liberty or property is subject to legislative control, provided a substantial right is left."

As to another feature of the case. "The legislature may authorize a municipal corporation to exempt certain property from municipal taxation, either general or special, or annul an assessment." 12 C. J. 1006, § 627. This general rule is not without exception in Georgia; it is subject to the constitutional requirement of uniformity in taxation. Paving assessments, it has been repeatedly held, are not taxes or taxation. It is therefore within the legislative power to authorize exemptions from such assessments. This court held in *City of Augusta* v. *Augusta-Aiken Ry Co.,* 150 *Ga.* 533 (104 S. E. 503): "The contract to exempt the street-railway company from street-pavement assessments, being under legislative sanction, was valid, and ·was not illegal, as contended, on the ground that it was an unauthorized exemption from payment of taxes, or a surrender of the city's police power." Conceding that under proper conditions a municipality may attack as unconstitutional a contract or ordinance entered into or· enacted by it, it may not do so in cases where a valuable consideration moves to the enactment thereof. As supporting this opinion, attention is called to the following: "Where corporations have been organized which proceed to do business under the provisions of a statute, and receive benefits under it, they cannot be heard to allege that such a statute is unconstitutional." (Citing 193 U. S. 17; 2 C. J. 770.) The foregoing rules applicable to private corporations are also applied to municipal corporations, States, and Federal government. 12 C. J. 771. "If the city accepted the deed on the consideration that it should carry out this agreement, and adopted the favorable report of its committee upon the petition with such condition therein,· it became a contract; and the city could· not thereafter legally make an assessment against the plaintiff's lot for the cost of laying the pavement. *Jenkins County* .v. *Dickey,* 139 *Ga.* 91 (76 S. E. 856)." *City of Atlanta* v. *Akers,* 145 *Ga.* 680 (89 S. E. 764). Basing action upon recommendation of its own committee, recognizing the matters and things set forth in the report of such committee as furnishing a sufficient and valuable consideration for

its action, the municipal authorities of Macon, with legislative sanction, enacted an ordinance exempting the Macon Railway & Light Co., its successors and assigns, from liability for "its pro rata share of the cost of new street-paving construction," with exceptions noted therein. The exemption clearly appearing, and the contract being valid, the City of Macon was proceeding illegally to enforce collection of assessment for repavement of Vineville Avenue against the Georgia Power Co. This being true, the trial judge did not err in granting the injunction.

*Judgment affirmed. Beck, P. J., and Gardner, Graham, and Persons, JJ., concur. Wood, J., absent.*