25904. CITY OF ATLANTA *v.* TRUITT *et al.*

DECIDED MARCH 3, 1937.

*J. C. Savage, C. S. Winn, Bond Almand,* for plaintiff in error.
*R. A. Edmondson, Jr., Tye, Thomson & Tye,* contra.

STEPHENS, P. J. A. J. Truitt and Mrs. J. G. Truitt, in their petition as amended, brought suit against the City of Atlanta, to recover damages for alleged depreciation in value of certain real estate belonging to them, by reason of the erection by the city, in the years 1923 and 1924, in the street abutting on their property, of approaches to what is known as the Spring Street viaduct, and making an underpass under the viaduct adjacent to the plaintiffs' property. The petition was filed on May 28, 1935; but it is alleged, in the petition as amended, that sometime during the year 1923 the plaintiffs filed with the mayor and general council of the City of Atlanta their claim in writing stating the time, place, and extent of the damages sustained, and prayed for an adjustment thereof, that the claim remained before the mayor and general council until February 15, 1935, at which time it was formally.

declined. The city demurred to the petition as amended, on the ground that it failed to set forth a cause of action. The court overruled the demurrer, and the defendant excepted. Counsel for the city state that but one question is presented for this court's determination: Does the proviso in the Code, § 69-308, that the running of the statute of limitations shall be suspended during the time a demand for payment of a claim against the city is pending before the city authorities without action on their part, operate to suspend the running of the statute until the municipal authorities have actually rejected the claim? No question as to the sufficiency of the petition as otherwise setting out a cause of action is insisted on. Therefore the determination of this case will proceed upon the assumption that the petition as amended set out a cause of action, and that the court properly overruled the demurrer, unless it appears that the suit is barred by the statute of limitations.

The Code, § 69-308 declares that no suit shall be brought against a municipal corporation for damages on account of injuries to person or property, unless the claim is first presented in writing to the governing authority of the municipality for adjustment, stating the time, place, and extent of the injuries as nearly as practicable, and the negligence which caused the injuries; that upon the presentation of the claim the governing authority of the municipality "shall consider and act upon the same within thirty days from said presentation, and that the action of said governing authority, unless it results in the settlement thereof, shall in no sense be a bar to a suit therefor in the courts." It is further provided in that section "that the running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities without action on their part." The act by its terms clearly prevents the filing of a suit against the municipality until after the expiration of thirty days from the filing of the claim in writing with the municipal authorities as required. Of course this claim must be filed within the period of the statute of limitations, and before the plaintiffs' right of action is barred. There is no provision in this Code section respecting the statute of limitations, except the proviso that the running of the statute is suspended during the time of the pendency before the city authorities of the written demand for payment, filed

as required by the statute. While the statute only prevents suit being filed within the period of thirty days after the filing of the claim with the city authorities, it does not prevent the filing of the suit at any time after the expiration of the thirty days, irrespective of whether or not the city authorities have acted on the claim. The proviso, however, respecting the suspension of the statute of limitations, is to the effect that the running of the statute shall be suspended during the time that the demand for payment is pending before the authorities without action on their part. This necessarily means what it says, and that so long as the claim for damages is pending before the governing authorities of the municipality, and the authorities have not acted upon it, the statute of limitations is suspended.

A cause of action was set out, and it appears from the petition as amended that the plaintiffs' suit was not barred by the statute of limitations.

*Judgment affirmed. Sutton, J., concurs, Felton, J., dissents.*

FELTON, J., dissenting. Ordinarily a statute of limitation on a right of action begins to run from the time the right accrues. In cases involving suits against municipalities, as in the instant case, the right of action accrues immediately on the happening of the thing which causes the injury, but the giving of notice to the municipality is made a condition precedent to the bringing of the action. Code, § 69-308, does not mean that the right of action accrues on the giving of the notice, but simply gives the injured party credit, so to speak, for the time within which the municipality considers the claim. Brehm *v.* Mayor &c. of New York, 104 N. Y. 186, 190 (10 N. E. 158). This section provides that the municipality "shall consider and act upon the same within thirty days," and if it fails to act, suit may be brought instantly. *City of LaFayette* v. *Rosser,* 53 *Ga. App.* 228 (185 S. E. 377). There must have been some purpose in the General Assembly's allotting thirty days for a consideration of a claim. The authorities deciding that a suit could be brought after the expiration of thirty days can mean but one thing and that is the absence of action in thirty days gives rise to a conclusive and unrebuttable presumption that the claim was denied and refused. In my humble opinion, when this presumption arises the statute of limitation reattaches and continues to run, and another and formal denial of the

claim by the municipality is without efficacy to start another time at which the statute could reattach and begin anew. The statute is somewhat ambiguous, but in my opinion this was the intention of the legislature, and it is the court's duty to give the act a reasonable construction so as to carry out the intention even though the construction may seem contrary to the letter of the statute. *Erwin* v. *Moore,* 15 *Ga.* 361; *Roberts* v. *State,* 4 *Ga. App.* 207 (60 S. E. 1082); *City of Macon* v. *Georgia Power Co.,* 171 *Ga.* 40 (155 S. E. 34); *Board of Tax Assessors* v. *Catledge,* 173 *Ga.* 656 (160 S. E. 909). I think the present action was barred, because it was brought more than four years and thirty days after the right of action accrued.