BENNETT *v.* VITTUM, chief of police.

No. 11824. NOVEMBER 30, 1937.

*C. E. Parrish* and *Edward Parrish,* for plaintiff.
*Dorsey, Stubbs & Dorsey, Hugh M. Dorsey Jr.,* and *H. W. Nelson,* for defendant.

ATKINSON, Presiding Justice. It is declared in section 2 of the act approved March 31, 1926 [Ga. L. Ex. Sess. 1926, p. 65], amending the charter of the City of Adel, that whenever any of the streets shall have been authorized under the laws and ordinances to be paved, and the contract for such improvement has been let and the entire cost to the city has been ascertained, the mayor and council "shall by written resolution apportion the cost and expenses of the same pro rata per front foot to the several tracts, lots, or parcels of lands abutting upon the area covered by such proposed improvements, and shall then levy assessments against the said abutting property and the owners thereof in accordance with such apportionment and as hereinafter provided, which assessment shall be paid in ten (10) equal annual installments, and

shall bear interest at the rate of not exceeding six per cent. per annum until paid, said interest payable annually." In section 10 of said act it is declared: "Said resolution shall be published by the secretary and treasurer in two consecutive issues of the Adel News, or any other newspaper in which the sheriff's advertisements of Cook County are published, and a time shall be designated in said notice, not less than five days or more than ten days from the last publication of said notice, for a public hearing before the said Mayor and .Council of the City of Adel, at which time all parties at interest may appear in person or by attorney and urge any objection or objections that they may have to the improvements so contemplated, and the Mayor and Council of the City of Adel shall be required to hear, pass upon, and determine such objections, and may modify, alter, amend, or repeal said resolution at such hearing."

■ Such assessments are not taxes within the meaning of article 7, section 2, paragraph 1, of the constitution (Code, § 2-5001), which declares: "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." *Hayden* v. *Atlanta,* 70 *Ga.* 817; *Speer* v. *Athens,* 85 *Ga.* 49 (2) (11 S. E. 802, 9 L. R. A. 402); *Almand* v. *Pate,* 143 *Ga.* 711 (3) (85 S. E. 909). Consequently the above-quoted provision of section 2 of the act is not violative of the foregoing provision of the constitution on the grounds, as contended, (a) that it makes the assessments for such "paving taxes" assessed "against the owner as well as the property;" (b) "it makes the assessments for said paving taxes coequal with the lien of all other taxes, and yet assesses said taxes upon only a portion of the property subject to be taxed within the territorial limits of the City of Adel;" (c) "that said act describes a method of collecting said taxes which is repugnant to the provisions of the above-mentioned section of the constitution, which provides that all taxes shall be collected pursuant to the general laws;" (d) "that said taxes are not ad valorem."

■ On May 19, 1926, the mayor and council, in pursuance of sections 2 and 10 of the foregoing act, apportioned and assessed the cost of paving Fourth Street in the City of Adel against the owners of properties abutting on that street. One of the abut-

ting lots was "fifty feet fronting south on Fourth Street and running back north, same width, fifty feet, and bounded south by Fourth Street and west by lands of Georgia Southern & Florida Railroad, the southeast corner of said tracts of land being fifty feet from Burwell Avenue in the City of Adel, Georgia." On November 4, 1935, this property was levied upon, and was advertised to be sold on the first Tuesday in December, as the property of the owner, to satisfy the installment of assessment due December 1, 1929. On December 2, 1935, suit was instituted by the owner to enjoin the sale. The petition as amended alleged, "that at the time immediately before said paving was done the value of petitioner's property abutting on said property [street?] was $1000; that immediately after said paving was done, the value of petitioner's property as aforesaid was $1000; that said paving did not increase the value of petitioner's property in any sum whatsoever," and alleged further that the assessment against the property was "for the amount of $859.50, aggregate, if each of the installments were paid on the same date they fell due, . . and is therefore excessive to such an extent that same is confiscatory and void." These allegations do not show that the apportionment and assessment were void on the alleged ground that they showed confiscation of the property. *City of Valdosta* v. *Harris,* 156 *Ga.* 490 (14) (119 S. E. 625); *Norman* v. *Moultrie, 157 Ga.* 388 (121 S. E. 391). A different ruling is not required by the decisions in *City of Atlanta* v. *Hamlein,* 96 *Ga.* 381 (23 S. E. 408); *City of Atlanta* v. *Hanlein,* 101 *Ga.* 697 (29 S. E. 14); *Holst* v. *LaGrange, 175 Ga.* 402 (165 S. E. 217).

■ Applying the foregoing principles, the court did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*