KIRKPATRICK *v.* VITTUM, chief of police.

No. 12338. MAY 12, 1938.

*C. E. Parrish* and *Edward Parrish,* for plaintiff.

*Hugh M. Dorsey Jr., Dorsey, Stubbs & Dorsey,* and *H. W. Nelson,* for defendant.

GRICE, Justice. Mrs. A. E. Kirkpatrick brought a petition for the writ of mandamus against the chief of police of the City of Adel, Georgia, alleging that the defendant, by virtue of a paving-assessment fi. fa., levied on two certain pieces of her property, and was advertising the same for sale; that she tendered the officer two counter-affidavits (attached to the petition and made a part thereof) which he refused to accept or file in the office of the clerk of the superior court; and that the counter-affidavits set forth good defenses to the executions. In one of the affidavits it was stated that immediately before the paving was laid the value of petitioner's property was $1200; that immediately after the paving of the

street upon which the property abuts its value was $1200; that said paving did not benefit or increase the value of the property; that the paving assessment for which the above-mentioned execution issued was "for an amount in excess of $800;" that the said assessment is excessive, confiscatory, and void, and if allowed to proceed, and if the assessment is collected, it will amount to a confiscation of her property for public purposes. In the other affidavit similar averments were made, except that the value of the property before and after paving was placed at $1500, and the amount of the assessment was "in excess of $1200."

1. Construing the pleadings most strongly against the pleader, it will be assumed that the assessments were in the first instance less than $1200, and in the other less than $1500, there being no averment that the assessments were equal to or exceeded the value of the property at the time the paving was laid or immediately thereafter, and no exact figure being given as to the amount of the assessments.

2. A mandamus will not be granted to compel the levying officer to accept affidavits of illegality where the defenses therein pleaded are insufficient in law. *Vanduzer* v. *Irvin,* 138 *Ga.* 524 (75 S. E. 649).

3. The allegations of the affidavits above set forth do not show that the assessments were void on the alleged ground that they showed confiscation of the property. *Bennett* v. *Vittum,* 185 *Ga.* 74 (194 S. E. 363).

4. The affidavits being insufficient in law to raise any issue, the levying officer properly refused to accept them. There was no error in refusing a mandamus absolute. *Vanduzer* v. *Irvin,* supra.

*Judgment affirmed. All the Justices concur.*