### 28636. CITY OF ROME v. RIGDON.

STEPHENS, P. J. ■ Where a claim for damages on account of injuries to person or property has, before the expiration of the statute of limitations, been filed with the governing authority of a municipal corporation, as a condition precedent to the right of the claimant to file suit against the corporation, as provided in the Code, § 69-308, the statute of limitations is suspended during the pendency of the claim with the governing authority of the city without action thereon. *City of Atlanta* v. *Truitt,* 55 *Ga. App.* 365 (190 S. E. 369).

■ It appearing from the petition in this case which is a suit against the City of Rome, in which the plaintiff seeks to recover for personal injuries alleged to have been received by her as a result of the defendant's negligence in the maintenance of one of its streets, that the cause of action accrued January 23, 1938, and claim therefor was filed with the governing authority of the defendant municipal corporation on January 19, 1940, and within the period of limitations, and that the defendant had never acted upon the claim, it does not appear that the plaintiff's cause of action had become barred by the statute of limitations upon the filing of the suit on February 24, 1940.

The court did not err in overruling the demurrer based upon the ground that the plaintiff's cause of action, which accrued on January 23, 1938, had become barred under the statute of limitations upon the date of the filing of the suit on February 24, 1940.

*Judgment affirmed, Sutton and Felton, JJ., concur.*

DECIDED MARCH 5, 1941. REHEARING DENIED MARCH 26, 1941.

*Lanham & Parker,* for plaintiff in error.
*Maddox & Griffin,* contra.