## 30130. CRESTLAWN MEMORIAL PARK, INC. v. CITY OF ATLANTA et al.

INGRAM, Justice.

Appellant operates a cemetery (place of burial) in the City of Atlanta. The city imposed a sanitary service charge against appellant's property for cleaning the street in front of the cemetery. The trial court found as a matter of fact that, "[t]he [appellant] does not voluntarily place any rubbish, trash, or refuse upon the streets on which its property abuts, but there are trees on [appellant's] property alongside the streets from which leaves naturally fall upon the streets. The [city] in cleaning the abutting streets removes leaves, rubbish, trash and refuse from the streets and the Sanitary Service Charge made by the [city] to the [appellant] is for such street cleaning." The city has made no assessment for ad valorem taxes on appellant's property.

The issue for decision is whether the city was authorized to impose this sanitary service charge against appellant's property. The trial court determined that the city was authorized by its charter and ordinances to impose this charge against appellant's property for street cleaning and that it is not a tax for which appellant is exempt under Code Ann. § 92-201. *Held:*

1. The city was empowered by its charter, in effect at the time of these charges, to levy and collect assessments for the collection, removal and disposition of garbage, trash, refuse and rubbish in addition to making assessments for sanitary purposes. See Secs. 2, 3 and 4, Ga. L. 1968, pp. 3759-61. Under the ordinances of the city, included in the record, "a sanitary service charge for sanitary purposes" was levied against all privately owned properties located in the city and the amount of the charges was based upon the total property frontage which abutted the public streets of the city. Under the trial court's findings of fact, there is no removal of garbage, trash, refuse or rubbish from appellant's property by the city, but there is a cleaning of the public streets abutting appellant's property. The city's charter and ordinances authorized the imposition of the present charges against appellant's property unless such charges constitute a tax

for which appellant is exempt under Code Ann. § 92-201.

2. The assessments levied by the city upon appellant's property are not taxes as contemplated by Code Ann. § 92-201. The exemption from taxation made by the General Assembly in this Code section under the authority of Art. VII, Sec. I, Par. IV of the Constitution (Code Ann. § 2-5404), relates to taxes for revenue and not special assessments of the character involved in this case. See *Hayden v. City of Atlanta,* 70 Ga. 817, and *City of Atlanta v. First Presbyterian Church,* 86 Ga. 730, 737 (13 SE 252). While it is true that the assessments involved in those cases were paving assessments, rather than assessments for sanitary purposes, the principles of decision in those cases control our judgment in the present case. Other states have recognized a distinction between assessments for permanent improvements, such as paving, and assessments of the kind involved in this case. E.g., see McCoy v. City of Sistersville, 120 W. Va. 471 (199 SE 260). However, the Georgia cases indicate that unless the assessment is for general revenue purposes it is not a tax for which the law grants an exemption to "places of religious worship or burial." "Assessments of this character [i.e., not for revenue purposes] are radically different from ad valorem taxes, and are not taxes within the meaning of the Constitution." *Alman v. Pate,* 143 Ga. 711, 716 (85 SE 909). Appellant has not proven a manifest abuse of legislative authority by the city's imposition of this disputed assessment as recognized in *Speer v. Mayor &c. of Athens,* 85 Ga. 49 (3a) (11 SE 802), and applied in *City of Atlanta v. Hamlein,* 96 Ga. 381 (23 SE 408), and 101 Ga. 697 (29 SE 14). Therefore, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 10, 1975 — DECIDED SEPTEMBER 16, 1975.

*Crowe, Hampton & Manheim, Alan C. Manheim,* for appellant.

*Charles M. Lokey, Henry L. Bowden, Harold T. Daniel,* for appellees.