## 30624. AYERS v. CITY OF ATLANTA.

HILL, Justice.

This matter is before us on certiorari to the Court of Appeals. *Ayers v. City of Atlanta,* 136 Ga. App. 293 (221 SE2d 57) (1975). The case originated in the Municipal Court of the City of Atlanta, where petitioner-in-certiorari was found guilty of violation of subsection (Q) of Section 20-7 of the Code of Ordinances of the City of Atlanta, commonly known as the disorderly conduct ordinance.

Following conviction, a petition for writ of certiorari was timely filed in Fulton Superior Court. The writ was allowed by order requiring that the record be sent up. After the answer was filed, a transcript of the hearing in the municipal court was filed in superior court.

At the hearing in superior court, the city's motion to dismiss the writ, on the ground that petitioner had failed to prove the terms and provisions of Section 20-7(Q), was granted.

On appeal, the Court of Appeals affirmed in an opinion squarely based upon this court's decision in *Hill v. City of Atlanta,* 125 Ga. 697 (54 SE 354) (1906). We granted certiorari to consider the correctness of, and present day necessity for, *Hill v. City of Atlanta,* supra.

However, upon reviewing the record we find it unnecessary to re-examine the holding of *Hill* that although a judge of the municipal court may take judicial notice of the ordinances of the city, "Neither the superior court nor the Supreme Court, in reviewing the judgment of the recorder, is permitted to take judicial notice of the ordinances." 125 Ga. p. 698.

The transcript of the hearing in the municipal court shows that petitioner saw two undercover policemen searching a drug suspect in the restroom of a night club. When the "narc" officers returned from the restroom to the main portion of the night club, petitioner was disclosing their occupation to customers at the club, including at least one informant and at least one suspect apparently ready, willing and able to make a drug sale to the informant.

Petitioner was arrested and convicted of violation of

Section 20-7Q, which provides that: "It shall be unlawful for any person within the corporate limits of the City of Atlanta to violate any of the following subsections of this section: . . . Q. Any person who shall, by acts of violence, interfere with another's lawful occupation. . . " According to the officer testifying for the city in municipal court, the occupation of the two policemen was that of undercover "narc" officers and that by "blowing our cover" petitioner interfered with their lawful occupation. Because this case must be remanded, we refrain from commenting upon other evidence and other words of the ordinance.

The section of the ordinance in question (quoted above) was read by the judge to petitioner when he appeared as the defendant in the municipal court. It appears in the transcript of hearing in the municipal court which was filed in the superior court.

The superior court dismissed the writ of certiorari because of petitioner's alleged failure to prove the terms and provisions of the ordinance in question.

Under the facts of this case, we consider that the reading by the judge of municipal court of the terms and provisions of the ordinance under which petitioner was tried and convicted, and the filing of the transcript containing such reading in the superior court, was sufficient to withstand the city's motion to dismiss.

As was stated in *Hill v. City of Atlanta,* supra: "When a petition for certiorari, complaining of a conviction in a municipal court, sets forth the charge against the petitioner, it may be assumed that the act embraced therein has been made the subject of a valid ordinance." By the same reasoning, when the record in a petition for certiorari, complaining of a conviction in a municipal court, sets forth the charge against petitioner, it may be assumed that the act embraced therein has been made the subject of a valid ordinance.

The *Hill* decision announced a rule of reason. The court in its opinion went on to say that it could not rule upon the sufficiency or admissibility of evidence because "Nowhere in the petition appear either literally or in substance the provisions of the . . . ordinance. . ." In the case before us the provisions of the ordinance appear

literally or in substance. The trial court could, from the record before it, decide the merits of the case. We therefore conclude that the trial court erred in granting the city's motion to dismiss and this case is remanded to the Court of Appeals for remand to the superior court for further consideration of the petition for writ of certiorari.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 19, 1976 — DECIDED APRIL 6, 1976.

*Herbert Shafer, John C. Heath,* for appellant.
*Henry Bowden,* for appellee.