S94A1949. LEVETAN et al. v. LANIER WORLDWIDE, INC. et al.
(454 SE2d 504)

HUNT, Chief Justice.

In 1976, the Georgia legislature enacted the freeport exemption (OCGA § 48-5-48.2), a constitutional provision that authorizes counties and municipalities to exempt certain business inventories from ad valorem taxation. Following a referendum, the DeKalb County Board of Commissioners adopted a resolution granting freeport exemption for certain business inventories; however, DeKalb County does not apply the freeport exemption to its ad valorem fire tax.

In 1993, Thomas Cook brought suit against DeKalb County officials, including the DeKalb County Board of Commissioners and Tax Commissioner Tom Scott, seeking to require the county to apply the freeport tax exemption against the county fire tax, and to require the county tax commissioner to collect the county sanitation assessment, an assessment which has been collected by the county's finance department since 1968. Lanier Worldwide, Inc. (Lanier), a business equipment company headquartered in DeKalb County, intervened as a plaintiff on the freeport exemption issue.

In December 1993, the trial court ordered DeKalb County to return sanitation assessments to the tax commissioner's office and found that Thomas Cook did not have standing to raise the freeport exemption issue. In July 1994, the trial court granted Lanier's motion for summary judgment and issued a writ of mandamus ordering the county to apply the freeport exemption to the ad valorem fire tax. Liane Levetan, as Chief Executive Officer of DeKalb County, and the DeKalb County Board of Commissioners appeal the decisions of the trial court regarding both the freeport exemption and collection of the sanitation assessments; Tax Commissioner Tom Scott, though originally a defendant, has filed a brief in support of the trial court's holding that his office has sole authority to collect the sanitation fees.[1] Thomas Cook appeals the trial court's ruling as to his standing on the freeport exemption issue, and Lanier is an appellee with respect to the freeport exemption issue.

1. DeKalb County argues that the language of OCGA § 48-5-48.2, the freeport exemption statute, invests it with discretion to decide from which particular ad valorem taxes business inventories shall be exempted. We disagree.

Under OCGA § 48-5-48.2 (b), DeKalb County "may . . . exempt from ad valorem taxation, including all such taxes levied for educa-

---

[1] We are reminded of Justice Fletcher's concurrence in *DeKalb County School District v. DeKalb County*, 263 Ga. 879, 882 (440 SE2d 185) (1994), pointing out the needless waste of public funds which results from the inability of various branches of local government to work together in a spirit of cooperation.

tional purposes and for state purposes, all or any combination of"[2] certain types of tangible personal property, provided that the exemption has been approved by the voters of the county. Further, once the voters have approved the exemption, the county has the authority to establish the percentage of the value of the property which will be exempt from taxation. OCGA § 48-5-48.2 (d). In sum, the statute gives the county discretion as to 1) whether to submit the exemption issue to a voter referendum; 2) what types of inventory will be submitted to the voters for exemption; and 3) the percentage of the value of the goods to be exempted. No other discretionary powers are given the county, including the discretion to decide from which ad valorem taxes the goods or materials will be exempt.

In a 1977 referendum, the citizens of DeKalb County voted to require the county to exempt certain types of finished goods and raw materials from ad valorem taxation. The fire tax is an ad valorem tax. Accordingly, such inventory must be exempted from the fire tax. The phrase "including all such taxes levied for educational purposes and for state purposes," contrary to the contentions of the county, enlarges rather than restricts the application of the exemption, *American Surety Co. v. Marotta*, 287 U. S. 513, 517 (53 SC 260, 77 LE 466) (1933), and makes clear that the exemption applies even to those taxes not imposed for county purposes.

2. The trial court ordered that the sanitation assessments be collected through the office of the tax commissioner because it found that the tax commissioner was the only official authorized by law to collect taxes. The Board of Commissioners argues, inter alia, that the sanitation assessments are not taxes but service charges, and thus collection of those charges is not prohibited. We agree.

This Court has held that counties that choose to provide services for garbage collection and disposal may fix reasonable charges and fees for the service. *City of Covington v. Newton County*, 243 Ga. 476 (254 SE2d 855) (1979). These sanitation assessments are not taxes within the meaning of our Constitution but rather charges for services rendered by the county. See *Crestlawn Mem. Park v. City of Atlanta*, 235 Ga. 194 (219 SE2d 122) (1975) (Assessments for sanitation purposes are radically different from ad valorem taxes and not taxes within the meaning of the Constitution); *Mayor &c. of Milledgeville v. Green*, 221 Ga. 498 (145 SE2d 507) (1965) (Charges for services of removing and disposing of garbage are merely a fee for special services). Our decisions in this regard are supported by scholarly author-

---

[2] It seems clear that the discretion implied by the use of the word "may" applies only to the county's decision to exempt "all or any combination of" certain types of materials. The referendum itself presented to the voters the question "shall DeKalb County exempt from ad valorem taxation inventory of" certain specifically defined types of goods and raw materials.

ity and decisions in other jurisdictions.[3] Thus, since the charges are not a tax, a county need not collect such service fees exclusively through the office of the tax commissioner, who, under OCGA § 48-5-233, has sole authorization for the collection of all taxes levied for county purposes.

Of course, a county may choose to provide by statute, as DeKalb County did, that the tax commissioner has exclusive authority to collect the sanitation service charges. In 1966, the general assembly approved a local amendment to the Constitution, Ga. L. 1966, p. 828, which authorized the DeKalb County Board of Commissioners to provide a system of garbage collection and disposal for the county. The express language of that amendment provided that

> [t]he assessments or service charges levied to pay the cost of such garbage disposal systems . . . shall be collected by the tax commissioner of said county in the same manner as taxes are collected.

Ga. L. 1966, p. 828, § 1. In short, by the terms of its own local amendment, the authority for collecting the sanitation assessments lay in the office of the tax commissioner, and it was in reliance, in part, on this local amendment that the trial court held that the tax commissioner had sole authority to collect the sanitation assessment. However, since the time of the trial court's ruling, the local constitutional amendment, Ga. L. 1966, p. 828, has been repealed in accordance with the requirements set forth in Art. XI, Sec. I, Par. IV (b) of the Constitution.[4] Accordingly, the decision of the trial court as to this issue must be reversed. DeKalb County is thus free, pursuant to the home rule powers outlined in Art. IX, Sec. II, Par. III of the Constitution, to require that the county's finance department continue to collect the sanitation assessments.

3. Thomas Cook argues that the trial court erred in holding that he lacked standing to bring the action in mandamus with respect to the application of the freeport exemption to the fire tax. As our decision in this case affirms the trial court's issuance of a writ of mandamus compelling the county to apply the freeport exemption to the fire

---

[3] See, e.g., 71 AmJur2d 25, State and Local Taxation, § 11 (Charges for garbage collection are not to be regarded as a tax but rather as a fee for service); *Martin v. City of Trussville*, 376 S2d 1089 (Ala. 1979) (Charge for removing garbage is actually a fee for a service rather than a tax); *City of Lake Charles v. Wallace*, 170 S2d 654 (La. 1964) (The disposal of garbage, relating as it does to the public health and welfare, is within the police powers, and is a service charge rather than a tax); *Turner v. State*, 168 S2d 192 (Fla. 1964) (The obligation placed on landowners to pay a charge for garbage and waste collection and disposal is not a tax but a charge imposed for a service performed to the owner by the county).

[4] H.B. 1470, Act No. 694, Ga. L. 1994, p. 3817, approved by referendum on November 8, 1994.

tax, we find it unnecessary to address the standing issue.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

*Jonathan A. Weintraub, Joan F. Roach, Lisa F. Stuckey,* for appellants.

*Teddy R. Price, J. M. Raffauf, King & Spalding, Nolan C. Leake, Steven J. Estep,* for appellees.