## S04A0223. STRYKR v. LONG COUNTY BOARD OF COMMISSIONERS.
### (593 SE2d 348)

HUNSTEIN, Justice.

Kathleen Strykr filed a pro se petition asking the trial court to permanently enjoin and strike as unconstitutional the amendments to Long County's solid waste services ordinance that authorized the County to enter into a contract with a private enterprise, Sullivan Environmental Services (SES), for the provision of garbage collection services to all residences in the unincorporated areas of the County and for the collection by SES of fees for these services on behalf of the

---

County. The amended ordinance establishes mandatory curbside service and requires all residents to pay SES directly for the curbside collection.[1] After a hearing the trial court denied Strykr's petition. Finding no error, we affirm.

1. Strykr asserts the trial court's ruling was error because the contract authorized by the ordinance at issue defeats or lessens competition and thus is unlawful and void under Art. III, Sec. VI, Par. V (c) of the Georgia Constitution and 15 USCA §§ 1-3 of the Sherman Anti-Trust Act. Assuming, arguendo, that Strykr has standing to raise this issue and it is properly before this Court, it is well established that local governmental entities are immune from antitrust laws when engaged in anticompetitive conduct pursuant to a clearly expressed state policy. See *Town of Hallie v. City of Eau Claire*, 471 U. S. 34 (II) (105 SC 1713, 85 LE2d 24) (1985). We agree with the Commissioners that the alleged anticompetitive conduct here, i.e., entering into a contract with a private contractor to provide curbside solid waste collection to all residents of unincorporated Long County, was conduct expressly contemplated by the State in the enactment of the Georgia Comprehensive Solid Waste Management Act, OCGA § 12-8-20 et seq. Because the County's actions were pursuant to state policy, Strykr's claims based on Georgia antitrust laws are likewise without merit. OCGA §§ 36-65-1, 36-65-2.

2. Strykr argues that the solid waste collection fee authorized by the ordinance constitutes a tax imposed in violation of Art. VII, Sec. I, Par. I of the Georgia Constitution because a resident's failure to pay the collection fee may result in a lien being placed on the resident's property. However, this Court has recognized that such sanitation assessments "are not taxes within the meaning of our Constitution but rather charges for services rendered by the county. [Cits.]" *Levetan v. Lanier Worldwide*, 265 Ga. 323, 324 (2) (454 SE2d 504) (1995). Counties that provide solid waste collection services are authorized to enforce by ordinance the collection of fees "in the same manner as authorized by law for the enforcement of the collection and payment of state taxes, fees, or assessments." OCGA § 12-8-39.3 (a). Accordingly, we find no merit in Strykr's argument.

3. Strykr contends that the ordinance was not in the best interests of the residents of Long County because the contract with SES fails to save the County money and does not reflect the best method of dealing with the County's solid waste collection problem. However, whether the contract was beneficial and necessary to the residents was a question properly for determination by the Commissioners. See

---

[1] Previously, residents used dumpsters and collection centers; SES had a contract with the County to handle the central solid waste collection.

*Smith v. Bd. of Comm'rs &c.*, 244 Ga. 133 (1) (259 SE2d 74) (1979).

> Having had the authority to provide services of this nature, they had the duty and discretion to examine the methods available to implement that goal and select that method which they determined most effectively and efficiently provided [solid waste collection]. . . . This court cannot decide whether the Commissioners made the correct decision, but only whether it was a lawful one.

Id. at 138 (1). We find no error in the trial court's determination that the Commissioners were legally authorized to enter into the contract with SES for the provision of solid waste collection.

4. We do not agree with Strykr that OCGA § 12-8-21 (a) (policy of protecting public health furthered by comprehensive solid waste management program) is violated by provisions in the ordinance authorizing the termination of a resident's collection service for non-payment of the collection fee.

5. Strykr has cited no authority to support her argument that a county is not authorized to contract with a private company to handle the collection of the fees charged for garbage service. However, we have recognized that counties may be authorized to enter contracts to provide services even though that particular contractual power is not expressly conferred. *Smith*, supra, 244 Ga. at 138 (1). Thus, although the Georgia Comprehensive Solid Waste Management Act does not expressly confer upon counties the authority to privatize the collection of fees for the garbage services, we find no error in the trial court's determination that the amended ordinance, including the fee collection provisions, was a legal exercise of the County's authority.

6. Because only the amendments to the County's solid waste ordinance were placed in the record, we cannot address Strykr's constitutional arguments challenging alleged language in portions of the ordinance not pled and proved. See *Childers v. Richmond County*, 266 Ga. 276 (467 SE2d 176) (1996) (judicial notice cannot be taken by this Court of county ordinances that are not alleged and proved). Nor can we address Strykr's complaints about the legal organ of Long County because that entity is not a named party to this case nor did Strykr seek to join it in the proceedings below. See generally OCGA §§ 9-11-10 (a), 9-11-17 et seq.

7. We find no merit in Strykr's arguments that the provision in the SES contract in which the County agreed to reimburse SES for a percentage of uncollected fees prior to the County's recovery of those fees by means provided by OCGA § 12-8-39.3 violated Art. VII, Sec. IV, Par. IV (prohibiting the State from entering contracts with any public agency, public corporation, authority or simi-

lar entity as security for bonds or other obligations issued by such public agency, etc.), Art. IX, Sec. II, Par. VIII (prohibiting legislation to authorize any county to lend its credit to any person or nonpublic corporation), or any provision in the Georgia Regional Transportation Authority Act, OCGA § 50-32-1 et seq.

8. Long County is not subject to the competitive bidding provisions in OCGA § 50-5-50 et seq., setting forth the procurement policies and practices for the Department of Administrative Services.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 2004.

D. Kathleen Strykr, *pro se.*
Robert F. Pirkle, for appellee.