S12A1920. MESTELLER v. GWINNETT COUNTY et al.
(740 SE2d 605)

HINES, Justice.

Robert Mesteller appeals the superior court's grant of summary judgment to Gwinnett County and its Board of Commissioners ("the County"), in this suit challenging Gwinnett County's Solid Waste Ordinance. For the reasons that follow, we affirm.

The Home Rule provision of the Georgia Constitution authorizes counties to provide "[g]arbage and solid waste collection and disposal" services. Ga. Const. of 1983, Article IX, Section II, Paragraph III (a) (2).[1] And, OCGA § 12-8-39.3 (a) allows any county that "provides solid waste collection services . . . and which levies and collects taxes, fees, or assessments to accomplish [that purpose]" to use the methods "authorized by law for the enforcement of the collection and payment of state taxes, fees, or assessments."[2] Relying upon these provisions, among others, the Gwinnett County Board of Commissioners adopted the Gwinnett County Solid Waste Collection and Disposal Ordinance of 2010 ("Ordinance"). Under the Ordinance, Gwinnett County was divided into five zones, each to be serviced by a private waste management company. The County entered into agreements with

---

[1] Ga. Const. Article IX, Section II, Par. III provides in pertinent part:
  (a) In addition to and supplementary of all powers possessed by or conferred upon any county, municipality, or any combination thereof, any county, municipality, or any combination thereof may exercise the following powers and provide the following services:

  . . .

  (2) Garbage and solid waste collection and disposal.

  . . .

[2] In its entirety, OCGA § 12-8-39.3 reads:
  (a) Any city, county, or authority which operates a solid waste handling facility or provides solid waste collection services or both and which levies and collects taxes, fees, or assessments to accomplish the purposes of this part shall be further authorized to enforce by ordinance or resolution the collection of taxes, fees, or assessments due a city, county, or authority in the same manner as authorized by law for the enforcement of the collection and payment of state taxes, fees, or assessments. Any such ordinance or resolution enacted by a county governing authority may provide that the tax commissioner or tax collector of such county shall be the officer charged with the enforcement of its provisions.
  (b) The provisions of this Code section shall apply to any taxes, fees, or assessments due a county, city, or authority under any ordinance or resolution in effect on July 1, 1992, or adopted thereafter.

these five waste collection service providers, whereby each is compensated for providing solid waste collection services to the properties in its zone based upon the number of properties involved. Each month, the providers send Gwinnett County an electronic summary of the number of "Residential Service Units" in its zone, which is multiplied by the rate of $17.86, which figure reflects the inclusion of an administrative services fee due the County of $1.25 per Residential Service Unit per month. The County collects fees for the waste collection services through annual tax assessment notices, which it then remits to the five service providers, minus the service fee. The Ordinance required the first billing to be included with 2010 taxes extending through the end of 2011, resulting in an initial billing that reflected a period of more than one year.

Robert Mesteller received a property tax bill that showed a fee of $321.48 for solid waste collection services. Acting pro se, Mesteller sued the County and the members of its Board of Commissioners, individually and as members of the Board, alleging the assessment and collection of the fee violated the Georgia Constitution.[3] After notice and a hearing, the superior court granted the County's motion for summary judgment.

1. Mesteller contends that the County is without authority to use the annual property tax bill to assess or collect fees for solid waste services. The gravamen of this argument is that the County, by contracting with private waste management companies to collect solid waste, is not, in fact, "provid[ing] solid waste collection services" within the meaning of OCGA § 12-8-39.3 (a), and therefore the County is not authorized to place the collection fee on the tax bill of a property owner or enforce the collection of the fee as set forth in the statute.[4] However, this argument reveals a misunderstanding of the precedents of this Court.

The County, under Article IX, Section II, Paragraph III (a) (2) of the Georgia Constitution, is authorized to provide "[g]arbage and solid waste collection and disposal" services. And, it is authorized to enter into contracts to provide the services specified in that constitutional provision, "even though that particular contractual power is not *expressly* conferred." *Smith v. Bd. of Commrs. of Hall County*, 244 Ga. 133, 138 (259 SE2d 74) (1979) (Emphasis in original.) See also *Strykr v. Long County Bd. of Commrs.*, 277 Ga. 624, 625-626 (3) (593

---

[3] Mesteller filed suit in Magistrate Court, which transferred the case to the Superior Court of Gwinnett County.

[4] Mesteller appears to accept that the County could use OCGA § 12-8-39.3 (a) for billing and collection if employees of Gwinnett County, rather than private contractors, were performing the solid waste collection services.

SE2d 348) (2004). In doing so, the County has "the duty and discretion to examine the methods available to implement that goal and select that method which [it] determine[s] most effectively and efficiently provided [solid waste collection]." *Smith*, supra. And, in choosing the option of contracting with private solid waste collection companies, the County is, *through that method*, providing solid waste collection services to Gwinnett County property owners within the meaning of OCGA § 12-8-39.3 (a); the fact that the individuals performing that service are not County employees, but employees of private contractors, is of no moment, insofar as it relates to the present constitutional challenge.

2. Mesteller contends that the County lent its credit to the waste collection service providers in violation of Article IX, Section II, Paragraph VIII of the Georgia Constitution of 1983,[5] in that, for a period of two months, the service providers collected the solid waste, and the County paid the service providers, but no fees had yet been collected by way of the property tax bills pursuant to OCGA § 12-8-39.3 (a). However, as noted above, see Division 1, supra, the County is authorized to provide the service at issue, and to enter into contracts with private parties to do so. Paying consideration to the contractors for that service before the associated fees were collected does not violate the Georgia Constitution. See *Strykyr*, supra at 627-628 (7).

3. Mesteller contends that the County's decision to enact the Ordinance, and thus contract with private solid waste collection services and collect the fees for those services through the property tax bill procedure, including a billing method that collects for more than a year's service in advance, is not "clearly reasonable." See Ga. Const. of 1983, Article IX, Section II, Paragraph I (a).[6] "In determining the validity of an ordinance, this court must decide whether the [county] had the power to enact the ordinances and whether the exercise of its power is clearly reasonable. [Cit.]" *City of Atlanta v.*

---

[5] Article IX, Section II, Paragraph VIII of the Georgia Constitution of 1983 reads:
   The General Assembly shall not authorize any county, municipality, or other political subdivision of this state, through taxation, contribution, or otherwise, to appropriate money for or to lend its credit to any person or to any nonpublic corporation or association except for purely charitable purposes.

[6] In pertinent part, Article IX, Section II, Paragraph I (a) of the 1983 Georgia Constitution reads:
   (a) The governing authority of each county shall have legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government for which no provision has been made by general law and which is not inconsistent with this Constitution or any local law applicable thereto. . . .

*McKinney*, 265 Ga. 161, 163 (1) (454 SE2d 517) (1995). However, the County Board of Commissioners was authorized to take those actions. See Division 1, supra. And, in doing so, the County did not go beyond the limits of the powers granted it. Compare *Channell v. Houston*, 287 Ga. 682, 685 (699 SE2d 308) (2010); *Rabun County v. Ga. Transmission Corp.*, 276 Ga. 81, 85-86 (1) (575 SE2d 474) (2003). It cannot be said that the County's method of providing solid waste collection services, and paying for those services, is unreasonable, arbitrary, or capricious, and it has real and substantial relation to the provision of those services, and the Ordinance is valid. See *Board of Commrs. of Atkinson County v. Guthrie*, 273 Ga. 1, 3-4 (2) (537 SE2d 329) (2000). To the extent that Mesteller contends that the County should have simply chosen a different method to provide for the provision of solid waste services, the course it chose is authorized, and whether to do so was the correct decision is properly left to the Gwinnett County Board of Commissioners. See *Strykr*, supra at 625-626 (3).

4. Finally, Mesteller urges that the solid waste fee is an unlawful tax. It appears that this contention is based on Mesteller's belief that the County is authorized under the Home Rule provision of the Constitution to furnish solid waste collection services only by using County employees, but as noted above, this is not the case. See Division 1, supra. In any event, this Court has recognized that assessments such as those at issue "are not taxes within the meaning of our Constitution but rather charges for services rendered by the county. [Cits.]" *Levetan v. Lanier Worldwide*, 265 Ga. 323, 324 (2) (454 SE2d 504) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 25, 2013.

*Christopher C. McClurg*, for appellant.
*Michael V. Stephens II, Jenkins & Bowen, Frank E. Jenkins III*, for appellees.