In the Supreme Court of Georgia

Decided:   September 22, 2014

S14A0784.  ADVANCED DISPOSAL SERVICES MIDDLE GEORGIA,
LLC v. DEEP SOUTH SANITATION, LLC.

S14A0785.  LOWNDES COUNTY v. DEEP SOUTH SANITATION, LLC.

THOMPSON, Chief Justice.

This appeal arises out of complaints filed by appellants Advanced Disposal Services Middle Georgia, LLC, (Advanced Disposal), and Lowndes County, Georgia,  (the County), seeking injunctions prohibiting appellee Deep South Sanitation, LLC, (Deep South), from providing solid waste collection and disposal services in the unincorporated areas of Lowndes County in violation of a newly enacted Lowndes County ordinance.  The trial court denied appellants' requests for injunctive relief, and they appealed.[1]  For the reasons which follow, we reverse.

The record establishes that in December 2012, the Lowndes County Board

---

[1] Advanced Disposal and the County filed separate notices of appeal.  Advanced Disposal's appeal was docketed in this Court as case number S14A0784.  Lowndes County's appeal was docketed in this Court as case number S14A0785.

of Commissioners adopted an ordinance (the Ordinance) authorizing an exclusive franchise for the collection and disposal of solid waste from the estimated 12,000 residential customers living in the unincorporated areas of Lowndes County. The Board, at the same time, approved a franchise agreement (the Exclusive Franchise) granting Advanced Disposal an exclusive franchise for the collection and disposal of solid waste from residential customers living in the unincorporated areas of the county.[2] The Ordinance and Exclusive Franchise became effective February 1, 2013. Prior to that date, the County had not included curbside residential collection service for unincorporated areas in its waste management plan, but instead, it operated six solid waste collection centers for use by all county residents.

The Ordinance prohibits the provision of solid waste collection and disposal services to residential customers in the unincorporated areas without a franchise or temporary permit issued by the County. Deep South, which was

---

[2] The Ordinance requires the exclusive franchisee to, inter alia, make the full range of residential solid waste collection and disposal services available to all residents in the unincorporated areas of Lowndes County, to comply with all provisions of the Ordinance, to provide its services for a uniform fee set by the Exclusive Franchise, to maintain a performance bond, to provide monthly reports to the County, and to pay the County a franchise fee.

in the business of providing solid waste collection and disposal services to residents of the unincorporated areas prior to enactment of the Ordinance,[3] continued its business after the Ordinance's effective date without a franchise or permit.[4] When Deep South refused to stop conducting its business in violation of the Ordinance, the County filed its complaint for injunctive relief. Advanced Disposal, as intervenor, subsequently filed a separate complaint seeking injunctive relief. Deep South in response claimed that enforcement of the Ordinance against it would: (1) effect a taking of private property in violation of both the United States and Georgia Constitutions; (2) violate its due process rights; (3) create an illegal monopoly in violation of the Sherman Act, 15 U.S.C.A. §§ 1-3; and (4) violate the Commerce Clause of the United States

---

[3] Deep South was created and began operating in unincorporated Lowndes County in September 2011. The record shows that prior to the start of Deep South's business, its chief executive officer, Cary Scarborough, discussed his business plan with both a member of the Lowndes County Board of Commissioners and the county manager. Scarborough was made aware in these conversations that the County was considering or had available to it several options for its future waste management plan, including adoption of an exclusive franchise with a single provider.

[4] In August 2012, the County issued a request for proposals (RFP) seeking proposals for residential solid waste collection services in its unincorporated areas. The RFP requested proposals for several alternative service plans, including multi-provider and exclusive provider options. Although Deep South requested and received the RFP, it did not submit a proposal to the County at least in part because it did not have the capability to serve all residents located in the unincorporated areas or to provide any of the desired recycling services.

Constitution. After a hearing, the trial court denied both requests for injunctive relief, concluding that an injunction preventing Deep South from providing residential solid waste collection and disposal services in unincorporated areas of the county would violate Deep South's rights because "Deep South operated the business prior to the enactment of the Ordinance" and "[a] government cannot 'cancel the constitutional enjoyment of citizens in the enjoyment of their property' by the claimed exercise of police powers." (Emphasis omitted). The trial court then authorized Deep South "to continue operating its business in the unincorporated areas of Lowndes County, with residential as well as commercial customers, as it is now doing."

1. It is incumbent upon this Court, even when not raised by the parties, to inquire into its own jurisdiction. Nix v. Watts, 284 Ga. 100 (664 SE2d 194) (2008). Throughout the trial court proceedings, Deep South asserted on several different grounds that the Ordinance cannot legally or constitutionally be applied to it. The trial court did not rule on all of Deep South's claims, however, finding it unnecessary under the facts of this case to consider the validity of the Ordinance on its face. Instead, without discussion of or citation to any constitutional provision, statute, or case law, the trial court denied

4

appellants' requests for relief based on its determination that the Ordinance does not promote the health, safety, and well-being of county residents and that a "government cannot 'cancel the constitutional enjoyment of citizens in the enjoyment of their property' by the claimed exercise of police powers." To the extent the trial court based its ruling on the County's reasons for enacting the Ordinance and Deep South's property interest in an existing business, we find the court distinctly ruled on Deep South's claim that application of the Ordinance's restrictions and prohibitions to Deep South violates its right to substantive due process. Accordingly, jurisdiction is proper in this Court. See Ga. Const. Art. VI, Sec. VI, Para. II (1).

2. The trial court determined that injunctive relief could not be granted in favor of appellants because enforcement of the Ordinance would violate Deep South's due process rights by interfering with its right to conduct business in the same manner as before enactment of the Ordinance. Because Deep South's substantive due process defense involves neither a suspect class nor a fundamental right, we apply a rational relationship test to determine whether enforcement of the Ordinance against Deep South would violate due process. See Georgia Dep't. of Human Resources v. Sweat, 276 Ga. 627, 628 (2) (580

SE2d 206) (2003). Under that test, an ordinance is a valid exercise of a police power

> if it is substantially related to the public health, safety, or general welfare. In this regard, any plausible or arguable reason that supports an ordinance will satisfy substantive due process. So long as an ordinance realistically serves a legitimate public purpose, and it employs means that are reasonably necessary to achieve that purpose without unduly oppressing the individuals regulated, the ordinance must survive a due process challenge. The rational basis standard is the least rigorous test of constitutional scrutiny. It does not require that an ordinance adopt the best, or even the least intrusive, means available to achieve its objective. To the contrary, the means adopted by an ordinance need only be reasonable in relation to the goal they seek to achieve. Only if the means adopted, or the resultant classifications are irrelevant to the City's reasonable objective, or are altogether arbitrary, does the ordinance offend due process.

City of Lilburn v. Sanchez, 268 Ga. 520, 522 (491 SE2d 353) (1997) (footnotes and emphasis omitted).

Applying this test, we conclude the trial court erred by holding that enforcement of the Ordinance against Deep South would violate its due process rights. Deep South concedes, as it must, that regulation by a local government of the collection and disposal of solid waste serves an important and legitimate public purpose. See OCGA § 12-8-21 (a) (purpose of the Georgia Comprehensive Solid Waste Management Act is "to protect the public health,

safety, and well-being of [Georgia] citizens and to protect and enhance the quality of [Georgia's] environment"); OCGA § 12-8-31.1 (a) and (b) (requiring counties to develop or be included in a comprehensive solid waste management plan which provides, at a minimum, "for the assurance of adequate solid waste handling capability and capacity within the planning area" and which shall "specifically include an adequate collection and disposal capability."). See also Ga. Const. Art. IX, Sec. II, Para. III (a) (providing that in addition to all other powers, counties have the power to provide garbage and solid waste collection and disposal services); Gasses v. City of Riverdale, 288 Ga. 75 (2) (701 SE2d 157) (2010) (abatement of nuisances and promotion of general health and welfare of community are legitimate public purposes); City of Lilburn v. Sanchez, supra, 268 Ga. at 522 (2) (ordinance is valid exercise of police power if it is substantially related to public health, safety or general welfare). The Ordinance thus serves the legitimate public purpose of protecting the public health, safety, and welfare.

Moreover, the means provided in the Ordinance for the collection and disposal of residential solid waste in unincorporated areas of Lowndes County is reasonably related to and furthers this public purpose. The Board enacted the

Ordinance in response to the fact that the County was losing more than $400,000 per year through operation of its solid waste collection centers, centers which were utilized by only one-half of residents living in the unincorporated areas. The Board elected to enter into an exclusive franchise agreement because it offered the best opportunity to provide curbside collection of solid waste, yard waste, and recycling in a cost-effective and uniform manner to all of its residents in the unincorporated areas, thereby discouraging illegal dumping in the county. Although the Board considered alternative plans, including one in which multiple providers would have been granted a franchise, it ultimately determined that an exclusive franchise with a single service provider was necessary to make it economically feasible for a provider to serve all affected residents, including those in the most distant areas of the county. The Ordinance's authorization of an exclusive franchise is thus reasonably related to its goal of providing complete, uniform, and affordable solid waste collection services to Lowndes County residents living in the unincorporated areas of the county. See Mesteller v. Gwinnett County, 292 Ga. 675, 678 (740 SE2d 605) (2013) (ordinance authorizing county to enter into private solid waste collection contracts with limited number of providers has a "real and substantial relation" to the provision

8

of solid waste collection services). Because the Ordinance serves a legitimate public purpose by means reasonably necessary to achieve that purpose, we find the trial court erred by holding that the County's enforcement of the Ordinance through the imposition of an injunction would violate Deep South's substantive due process rights.[5]

3. Although appellants argue on appeal that the trial court also erred to the extent its denial of injunctive relief was based on Deep South's Commerce Clause and unconstitutional takings defenses, we find nothing in the transcript

[5] Deep South set forth in both the trial court and on appeal several arguments pertaining to the efficacy of the County's decision to award an exclusive franchise. However, the Due Process Clause does not empower the judiciary to "sit as a superlegislature to weigh the wisdom of legislation." Ferguson v. Skrupa, 372 U.S. 726, 731 (83 SCt 1028, 10 LE2d 93) (1963) (citation omitted); Olsen v. Nebraska ex rel. Western Reference & Bond Assn., 313 U.S. 236, 246 (61 SCt 862, 85 LE 1305) (1941) ("We are not concerned . . . with the wisdom, need, or appropriateness of the legislation"); Smith v. Board of Commissioners, 244 Ga. 133, 138 (259 SE2d 74) (1979) (county had duty and discretion to examine methods available to implement goal of providing fire protection services and select method it determined most effective; courts cannot decide correctness of county's decision, only whether it was lawful); Old South Duck Tours, Inc. v. Mayor & Aldermen of the City of Savannah, 272 Ga. 869, 872 (535 SE2d 751) (2000) (where legislative action is within scope of police power, questions as to reasonableness and propriety are not for determination of the courts). See also Mesteller, supra, 292 Ga. at 677-678 (where method of collecting solid waste was authorized, question of whether it was the correct decision is left to the county government, not the courts). It is not for this or any other court to judge the wisdom of the County's decision to implement an exclusive provider arrangement but only to determine whether in doing so the County acted lawfully. See Standard Oil Co. v. City of Marysville, 279 U.S. 582, 584 (49 SCt 430, 73 LE 856) (1929); City of Lilburn, supra, 268 Ga. at 522, 524.

of the final hearing or the language of the trial court's order sufficient to support the conclusion that the trial court made any of the factual or legal findings necessary for a ruling on these challenges to the Ordinance. This Court will not pass upon the constitutionality of a law or ordinance "unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." Pitts v. G.M.A.C., 231 Ga. 54, 56 (199 SE2d 902) (1973). Accordingly, Deep South's arguments related to the commerce and "takings" clauses have not been preserved for appeal. See Nathans v. Diamond, 282 Ga. 804 (2) (654 SE2d 121) (2007).

4. Finally, appellants argue that the trial court erred by denying injunctive relief on the ground that enforcement of the Ordinance against Deep South would allow the County to construct an illegal monopoly in violation of the Sherman Antitrust Act, 15 U.S.C.A. §§ 1-3. See also Ga. Const. Art. III, Sec. VI, Para. V (c). We agree. "[I]t is well-established that local governmental entities are immune from antitrust laws when engaged in anti[-]competitive conduct pursuant to a clearly expressed state policy." Strykr v. Long County Board of Commissioners, 277 Ga. 624, 625 (593 SE2d 348) (2004). Under almost identical facts, this Court in Strykr held that a county's exclusive contract

with a private contractor for the provision of solid waste collection in unincorporated areas was not illegal, anti-competitive conduct because solid waste collection "was conduct expressly contemplated by the State in the enactment of the Georgia Comprehensive Solid Waste Management Act, OCGA § 12-8-20 et seq." The Ordinance in this appeal was enacted pursuant to the same clearly articulated state policy as in Strykr and we conclude, as we did in that case, that the County's actions are exempt from the Sherman Act. Strykr, supra at 625 (1). See also Danner Construction Co., Inc. v. Hillsborough County, Florida, 608 F.3d 809, 814-816 (11th Cir. 2010); McCallum v. City of Athens, Georgia, 976 F.2d 649, 652-655 (11th Cir. 1992).

The trial court in this case denied injunctive relief to appellants based on its determination that enforcement of the Ordinance against Deep South was prohibited under the Sherman Antitrust Act and would violate Deep South's due process rights, legal rulings which we find to be erroneous. Accordingly, the trial court erred to the extent its ruling denying injunctive relief to appellants was based on these grounds.

Judgment reversed. All the Justices concur.