**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 27, 2021**

# In the Court of Appeals of Georgia

A21A1004. STANFORD v. CITY OF ATLANTA.

GOBEIL, Judge.

Melissa Stanford appeals from the trial court's dismissal of her action — on her own behalf and as a proposed class representative of similarly situated property owners of commercial properties — against the City of Atlanta (the "City") based on the assessment of annual "frontage" fees.[1] In her suit, Stanford alleged that the City's assessment of such fees constitutes an "illegal tax" as opposed to a reasonable fee for solid waste services. On appeal, Stanford asserts that: (1) the trial court erred in dismissing the action due to her failure to attach certified copies of the applicable municipal ordinances to her complaint as amended; and (2) even assuming her

---

[1] "Street frontage is defined as that portion of the street in front of [an owner's] property."

pleading was deficient, the court should have allowed Stanford the opportunity to amend her complaint to include the applicable ordinances. For the reasons that follow, we reverse the dismissal order and remand the case to the trial court for further proceedings.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. The appellate court reviews de novo the trial court's ruling on the defendants' motion to dismiss, accepting as true all well-pled material allegations in the complaint and resolving any doubts in favor of the plaintiff.

*Williams v. DeKalb County*, 308 Ga. 265, 270 (2) (840 SE2d 423) (2020) (citations and punctuation omitted).

So viewed, the record shows that pursuant to the Code of the City of Atlanta ("City Code") § 130-84, the City charges commercial property owners a mandatory annual fee for solid waste services ("solid waste fees"), for services such as street sweeping, emptying public trash receptacles, right-of-way mowing, and storm debris removal. The City does not collect any solid waste generated by commercial property

2

owners. Rather, such owners generally contract with private vendors for the collection of solid waste generated at their commercial properties.

On November 5, 2018, the City Council approved City Ordinance 18-O-1300, whereby the City amended City Code § 130-84 and increased the annual solid waste fees assessed on commercial property owners effective April 1, 2019. Pursuant to the 2018 amendment, the City eliminated mandatory solid waste fees for single-family residential property owners and small multi-family (defined as five or fewer units) effective April 1, 2019.[2] Additionally, the City Council passed City Ordinance 19-O-1297, which modified City Code § 130-84, and initiated the assessment of a new mandatory multi-family unit fee to owners of multi-family units in developments containing six or more units. The City Code does not permit commercial property owners to opt-out of the payment of solid waste fees or multi-family unit fees (collectively, "frontage fees") imposed by City Code § 130-84.

On June 26, 2019, Little Five Points Partnership, LLLP ("L5PP")[3] filed a putative class action lawsuit against the City on behalf of itself and as a potential

---

[2] Despite eliminating solid waste fees for single-family properties effective April 1, 2019, the City has continued to provide street-sweeping services in those areas.

[3] L5PP owns three commercial properties in the City.

class representative of other owners of commercial properties in the City, alleging in pertinent part that the collection of frontage fees constitutes an unlawful tax. L5PP did not attach a copy of City Code § 130-84 or the two contested city ordinances to the complaint. Discovery commenced and L5PP filed the deposition of Rita Braswell, an employee of the City's Department of Public Works, with the trial court on March 3, 2020. Attached to the deposition, among other things, were copies of City Ordinance 18-O-1300 (Exhibit 6) and City Ordinance 19-O-1297 (Exhibit 17), which both amended sections of City Code § 130-84.

L5PP moved for class certification of the action. During a hearing on the motion on March 5, 2020, the court admitted a certified copy of City Ordinance 18-O-1300, which amended the solid waste fees contained in City Code § 130-84 effective April 1, 2019. The court also admitted a copy (not certified) of City Ordinance 19-O-1297, which amended the multi-family unit fee in City Code § 130-84. The court subsequently denied L5PP's motion for class certification, finding in relevant part that L5PP was an inadequate class representative as the entity was owned and managed by L5PP's co-counsel's brother, thereby giving "an appearance of and potential for impropriety."

4

L5PP filed a motion seeking to substitute Stanford as the proposed class representative. As relevant here, since 2012, Stanford has owned and resided in a unit located within a multi-unit condominium property in the City and is subject to the frontage fees. Attached to the motion to substitute was a draft amended complaint, which did not include a copy of City Code § 130-84 or the applicable ordinances. The trial court granted L5PP's motion to substitute Stanford as both plaintiff and class representative in the underlying action.

The City moved to dismiss the action for failure to state a claim for relief, arguing, among other things, that Stanford's claims were barred by existing case law. On October 13, 2020, Stanford filed an amended and restated complaint, which likewise did not include a copy of City Code § 130-84 or the two ordinances as exhibits. In the amended complaint, Stanford sought to represent a class of "commercial property owners," which she defined as

> owners of interests in commercial, industrial, retail, office, institutional, and multi-family properties (i.e., townhome, condominium, and apartment developments with six (6) or more dwelling units) who are and/or have been subject to assessment and payment of [frontage fees] imposed by the City pursuant to City Code [§] 130-84.

Stanford described that:

The primary subject matter of this action is the assessment of illegal taxes in the form of mandatory charges by the City that it refers to as solid waste collection frontage fees against [Stanford] and other commercial property owners as described herein pursuant to City Code [§] 130-84.

Stanford alleged that the frontage fees, "while claimed by the City to be user fees, are in part or whole in the nature of illegal taxes not authorized by the Georgia Constitution and Georgia law," and "substantially exceed[ ] the reasonable cost of any street sweeping which the City has planned and performed on streets adjacent to [Stanford's] property and other commercial properties in the City." As relief, Stanford demanded that the City refund all frontage fees paid by members of the class during the previous five years, and further sought to enjoin the City from collecting such fees in the future.

The trial court granted the City's motion and dismissed the action. As relevant here, the court sua sponte addressed whether Stanford had properly pleaded City Code § 130-84:

The gravamen of Stanford's claims is that City Code § 130-84 imposes illegal taxes. Because City Code § 130-84 is not set forth verbatim in the Complaint, an uncertified copy is not attached to the Complaint and Amended Complaint, and the City has not admitted the language of City

6

Code § 130-84 in its Answer, the [c]ourt finds Stanford has not properly pled City Code § 130-84. Accordingly, the [c]ourt finds the Amended Complaint fails to state a claim.

The instant appeal followed.[4]

1. Stanford argues that the trial court erred in dismissing the action based "on the mistaken premise that [she] failed to adequately plead City Code [§] 130-84." Specifically, she highlights that copies of the applicable ordinances — City Ordinances 18-O-1300 and 19-O-1297 — were filed and admitted into the record at the March 5, 2020 hearing on L5PP's motion for class certification, as well as attached as exhibits to City employee Braswell's deposition filed during discovery.

"It is well established by numerous decisions of this [C]ourt that judicial notice can not be taken by the superior court or this [C]ourt of city or county ordinances, but they must be alleged and proved." *Thorsen v. Saber*, 288 Ga. 18, 19 (1) (701 SE2d 133) (2010) (citation and punctuation omitted). "The proper method of proving a city ordinance is production of the original ordinance or a certified copy thereof." *Holman*

_____

[4] Stanford filed a motion for reconsideration from the trial court's dismissal, highlighting that copies of the applicable ordinances had been entered into the record at the March 5, 2020 class certification hearing. Stanford also filed a second amended complaint to which she attached certified copies of the subject ordinances. The record on appeal does not contain a ruling on Stanford's motion for reconsideration.

7

*v. Glen Abbey Homeowners Assn.*, 356 Ga. App. 379, 385 (2) (847 SE2d 1) (2020) (citation and punctuation omitted).

In its dismissal order, the trial court relied heavily on the Supreme Court of Georgia's recent decision in *Williams*. In that case, the plaintiff incorporated into his complaint by reference a copy of the salary ordinance, which was attached as an exhibit to the complaint, as amended. *Williams*, 308 Ga. at 268 (1) n. 6. Our Supreme Court concluded that for purposes of the motion to dismiss, the plaintiff "pled the existence and content of the ordinance; moreover, he demonstrated that, within the framework of the complaint, a certified copy of the ordinance may be introduced at trial or during an evidentiary proceeding to prove the ordinance." Id. Notably, our case law does not hold that the *only* method to prove an ordinance is by attaching a certified copy to a complaint or amended complaint. See, e. g., *Whitfield v. City of Atlanta*, 296 Ga. 641, 642 (769 SE2d 76) (2015) (vacating the superior court's ruling on the constitutionality of a municipal ordinance on a motion to dismiss as a copy of the ordinance, certified or otherwise, "*appears nowhere in the record*") (emphasis supplied); *Holman*, 356 Ga. App. at 385 (2) (declining to address assertion of error concerning an ordinance due to plaintiffs' failure "to show [this Court] a certified copy of that ordinance *in the record*") (emphasis supplied); *Strykr v. Long County Bd.*

8

*of Commrs.*, 277 Ga. 624, 626 (6) (593 SE2d 348) (2004) (declining to address an assertion of error concerning an ordinance missing from the appellate record); *Thorsen*, 288 Ga. at 18-19 (1) ("Although both parties present arguments regarding the language of the local noise ordinance, neither party provides a record reference for the ordinance, and our review of the record does not reveal any copy thereof.").

Importantly, at the motion to dismiss stage, "if, within the framework of the complaint, *evidence may be introduced* which will sustain a grant of relief to the plaintiff, the complaint is sufficient." *Williams*, 308 Ga. at 268 (1) n. 6 (citation and punctuation omitted; emphasis in original). See also *Star Residential, LLC v. Hernandez*, 354 Ga. App. 629, 635 (2) n. 15 (841 SE2d 392) (2020) (plaintiff's failure to include specific ordinance language in the record "not fatal to [his] claims at the motion to dismiss stage" in a landlord-tenant dispute), overruled on other grounds by *Star Residential, LLC v. Hernandez*, ___ Ga. ___ (Case No. S20G1214, June 21, 2021). We also find our Supreme Court's holding in *Ayers v. City of Atlanta*, 236 Ga. 543 (224 SE2d 392) (1976) to be instructive here. In *Ayers*, the superior court granted the city's motion to dismiss the plaintiff's petition for a writ of certiorari to the superior court on the ground that the plaintiff had failed to prove the terms and provisions of the city's disorderly conduct ordinance, and this Court affirmed the

9

dismissal on appeal. Id. at 543. In reversing, our Supreme Court held that the plaintiff had filed a transcript of the municipal court hearing in the superior court, which contained the pertinent sections of the applicable ordinance that had been read by the trial judge from the bench to plaintiff when he appeared as a defendant in municipal court. Id. at 544. This action was deemed sufficient to withstand the city's motion to dismiss as "the provisions of the ordinance appear literally or in substance" in the record. Id. at 544-545.

Similarly, in the instant case, although Stanford did not attach certified copies of City Code § 130-84 or the contested ordinances to either her original or amended complaints, her predecessor-in-interest in the action, L5PP, introduced copies of the ordinances at the March 5, 2020 certification hearing, which the trial court admitted into evidence and are part of the record. The ordinances in turn contain language from the contested sections of City Code § 130-84. Although the copy of City Ordinance 19-O-1297 in the record is not certified, Stanford has "demonstrated that, within the framework of the complaint, a certified copy of the ordinance[s] may be introduced at trial or during an evidentiary proceeding to prove the ordinance[s]. Thus, for the purpose of a motion to dismiss, [Stanford] sufficiently pled the ordinance." *Williams*, 308 Ga. at 268 (1) n. 6.

10

Based on the foregoing, we conclude that the trial court erred in dismissing the action due to Stanford's failure to attach copies of City Code § 130-84 or the applicable ordinances to her complaint, as amended, and we reverse the grant of the City's motion to dismiss. See *Mooney v. Mooney*, 235 Ga. App. 117, 117 (508 SE2d 766) (1998) ("In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.") (citations and punctuation omitted).

2. Stanford argues that even if she inadequately pleaded the action — by failing to attach certified copies of the ordinances to her complaint — the trial court should have provided her with the opportunity to amend her complaint to attach the required documents. In light of our conclusion in Division 1, we need not reach this issue.

3. Finally, the City asserts that even if the trial court erred in dismissing Stanford's claims for failing to submit certified copies of the applicable ordinances, this Court should still affirm the dismissal order for the "right for any reason" rule as "Stanford's claims are barred by decades of Georgia Supreme Court precedent."

Georgia appellate courts may apply the "right for any reason" rule when reviewing de novo certain judgments. See *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002) ("Under the 'right for any reason' rule, an appellate court

11

will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied."). See also *Craigo v. Azizi*, 301 Ga. App. 181, 187 (3) (687 SE2d 198) (2009) (dismissal of complaint affirmed under right for any reason rule). However, the "right for any reason" doctrine is just one of several principles this Court must consider in connection with "the circumstances of individual appeals." *City of Gainesville*, 275 Ga. at 838. Our Supreme Court has stated that "[t]he [tenet] that the appellate courts do not rule on issues not ruled on by the trial courts preserves the appellate courts' jurisdiction and delineates the proper roles of the courts at the trial and appellate levels." Id.

Keeping these principles in mind, the City is correct that "it is clear that in Georgia an assessment for garbage collection services is a fee and not a tax." *Monticello, Ltd. v. City of Atlanta*, 231 Ga. App. 382, 385 (1) (499 SE2d 157) (1998). See also *Levetan v. Lanier Worldwide*, 265 Ga. 323, 324 (2) (454 SE2d 504) (1995) (sanitation assessments for garbage collection and disposal are not taxes but are services for which a fee is charged); *Crestlawn Mem. Park v. City of Atlanta*, 235 Ga. 194, 195 (2) (219 SE2d 122) (1975) (assessment for removal of trash and refuse from streets abutting cemetery is not a tax); *Mayor & Aldermen of Milledgeville v. Green*, 221 Ga. 498, 501 (145 SE2d 507) (1965) (charges for removing and disposing of

garbage are fee for special services). However, our Supreme Court also has held that "a municipality cannot impose a fee for services that have not been provided." *Monticello*, 231 Ga. App. at 386 (1). See also *Jekyll Island-State Park Auth. v. Jekyll Island Citizens Assn.*, 266 Ga. 152, 154 (3) (464 SE2d 808) (1996) (assessment of fire service fees by the State Park Authority cannot "substantially exceed the cost of the services").

Here, among other things, Stanford alleges that: (1) the City has not engaged in the collection of solid waste from owners of commercial properties despite the collection of solid waste fees; and (2) the assessment of "mandatory" solid waste fees and multi-family unit fees "substantially exceeded and continue to substantially exceed the actual reasonable cost of the 'common good' services for which the City has wrongly attempted to justify the imposition of the mandatory so-called frontage fees." Resolution of these issues necessarily requires a review of the specific facts of this case. Because these issues were not decided by the trial court below, we conclude that judicial economy will be "maximized by returning the case to the trial court." *City of Gainesville*, 275 Ga. at 838. We thus remand to the trial court to consider these issues in the first instance.

*Judgment reversed and case remanded. Barnes, P. J., and Markle, J., concur.*

13